# EXHIBIT D



477 South Rosemary Avenue, Suite 301, West Palm Beach, Florida 33401

February 19, 2025

<u>*Via Electronic Mail*</u>

Justice Grown
311 N. Aberdeen Street, Suite 420
Chicago, IL 60607
Attn: Jon Loevy
Email: jon@loevy.com

cc:

Taft Law
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
Attn: Jeremy Stonehill
Email: jstonehill@taftlaw.com

    **Re:**  <u>*Notice of Events of Default, Forbearance Defaults and Reservation of Rights*</u>

Jon:

  Reference is hereby made to (i) that certain Second Amended and Restated Credit Agreement, dated as of September 30, 2021, as amended by that certain Amendment No. 1 to Second Amended and Restated Credit Agreement, dated as of June 30, 2022, that certain Amendment No. 2 to Second Amended and Restated Credit Agreement, dated as of August 26, 2022, that certain Amendment No. 3 to Second Amended and Restated Credit Agreement, dated as of December 31, 2022, and that certain Amendment No. 4 to Second Amended and Restated Credit Agreement, dated as of April 26, 2023 (the "**Amendment No. 4**"), by and among BLOC DISPENSARY LLC (f/k/a JG NEW JERSEY LLC), SRG 1761 NORTH OLDEN LLC, SRG 1474 PROSPECT LLC, SRG WARETOWN LLC, HAYDEN GATEWAY LLC, PIER COVE LLC, SRG 272 MAIN STREET LLC, and SRG HI PARK LLC (together, the "**Borrowers**"), JG HOLDCO LLC, as Parent, the other loan parties that are party thereto, the lenders that are party thereto and AFC AGENT LLC, as Agent (as may be further amended, supplemented, restated or otherwise modified from time to time, the "**Credit Agreement**") and (ii) that certain Forbearance Agreement, dated as of March 6, 2024 (the "**Forbearance Agreement**"), by and among the Borrowers, the lenders party thereto, and Agent, a copy of which is attached hereto as <u>Exhibit A</u>.

4900-4203-0615.4

Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Forbearance Agreement.

**Notice of Events of Default:**

Agent (at the direction of the Required Lenders) hereby provides the Borrowers formal notice that the following Events of Default have occurred and are continuing under the Credit Agreement:

(i) An Event of Default under Section 8.1(b)(i) for the failure to provide notice of the lawsuit filed by The Pennsylvania Department of Health, Bureau of Medical Marijuana Docket No. MM 24 013 GP, *Pier Cove, LLC, v. The Pennsylvania Department of Health, Bureau of Medical Marijuana*, relating to Cannabis License No. GP18-2002 within three (3) Business Days after the service of process with respect thereto on any Loan Party or any of its Subsidiaries in violation of Section 5.1 of the Credit Agreement and such failure continued for a period of ten (10) Business Days after earlier of (A) the date on which such failure shall first become known to any officer of any Loan Party and (B) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(ii) An Event of Default under Section 8.1(b)(i) for the failure to provide notice of the Events of Default listed in this letter and a statement of curative action that Loan Parties propose to take with respect thereto within three (3) Business Days after Loan Parties have knowledge of such event or condition that constitutes the Default or Event of Default in violation of Section 5.1 of the Credit Agreement and such failure continued for a period of ten (10) Business Days after earlier of (A) the date on which such failure shall first become known to any officer of any Loan Party and (B) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(iii) An Event of Default under Section 8.1(b)(i) for the failure to notify Agent and each Lender that the Perfection Certificate, dated as of May 9, 2024 failed to contain any information related to TC Applico, LLC and its assets located in Missouri, in violation of Section 5.10 of the Credit Agreement and such failure continued for a period of ten (10) Business Days after earlier of (A) the date on which such failure shall first become known to any officer of any Loan Party and (B) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(iv) An Event of Default under Section 8.1(b)(i) for the failure to notify Agent and each Lender that the inventory records and other records provided to Agent were materially inaccurate, in violation of Section 5.10 of the Credit Agreement and such failure continued for a period of ten (10) Business Days after earlier of (A) the date on which such failure shall first become known to any officer of any Loan Party and (B) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(v) An Event of Default under Section 8.1(b)(i) for making Restricted Payments in an amount of $19,247,622.42 between September 2021 and August 2023 to various Justice Grown affiliated entities, $15,886,015.94 in Restricted Payments to Oakland Manager; $2,394,844.44 in Restricted Payments to or for the benefit of Parent's subsidiaries located in Illinois, Massachusetts, Michigan and California; and $966,762.00 in Restricted Payments to Law Finance Group for the benefit of Oakland Manager, in violation of Section 6.8 of the Credit Agreement and such failure continued for a period of ten (10)

    Business Days after earlier of (A) the date on which such failure shall first become known to any officer of any Loan Party and (B) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(vi) An Event of Default under Section 8.1(b)(ii) for the failure of the Loan Parties to preserve and keep in full force and effect the Cannabis License No. GP18-2002 in violation of Section 5.3 of the Credit Agreement and such failure continued for a period of fifteen (15) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(vii) An Event of Default under Section 8.1(b)(ii) for the failure to maintain and preserve all of its assets and properties which are necessary or useful in the proper conduct of its business in good working order and condition by (A) allowing the PA Cultivation Facility located at 5 Chestnut Hill Drive Hazel Township, PA 18202 to operate without utilities for a significant quantity of time, leading to the growth of mold and an unknown amount of damage to the electrical infrastructure and equipment and (B) allowing the site to remain unguarded, unprotected and unsecure (leading to an unlawful break-in of the facility), in violation of Section 5.5 of the Credit Agreement and such failure continued for a period of fifteen (15) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(viii) A Event of Default under Section 8.1(b)(ii) of the Credit Agreement for the failure of the Loan Parties to comply with all requirements of all Applicable Laws Permits, Cannabis Licenses, and orders of any Governmental Authority (including but not limited to, laws, rules, or regulations as they relate to cannabis) in all material respects with respect to Cannabis License No. GP18-2002 in violation of Section 5.8 of the Credit Agreement and such failure continued for a period of fifteen (15) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(ix) An Event of Default under 8.1(b)(ii) for the failure of the Loan Parties to promptly and in any event within five (5) Business Days of its receipt thereof, provide Agent with written notice of the violations related to Cannabis License No. GP18-2002 from the Pennsylvania Department of Health, Bureau of Medical Marijuana in violation of Section 5.9(d) of the Credit Agreement and such failure continued for a period of fifteen (15) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower Representative by Agent or any Lender.

(x) An Event of Default under Section 8.1(b)(ii) of the Credit Agreement for the failure of the Loan Parties to observe and perform certain covenants, terms, conditions and agreements contained in certain Material Contracts, including the NJ Consulting Agreement (as defined in the Forbearance Agreement), in each case in violation of Section 5.15 of the Credit Agreement and such failure continued for a period of fifteen (15) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower

      Representative by Agent or any Lender.

(xi)    An Event of Default under Section 8.1(b)(iii) of the Credit Agreement for the failure of the Loan Parties to keep property inventory records and other records in conformity with GAAP and all requirements of law in violation of Section 5.16 of the Credit Agreement and such failure continued for a period of twenty (20) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower Representative by Agent.

(xii)    An Event of Default under Section 8.1(b)(iii) for the failure of the Loan Parties to furnish to Agent all documents and information furnished to or received from the Department of Health promptly, but in no event later than five (5) days after submission thereto in violation of Section 5.22 of the Credit Agreement and such failure continued for a period of twenty (20) Business Days after the earlier of (i) the date on which such failure shall first become known to any officer of any Loan Party and (ii) the date on which notice thereof was given to the Borrower Representative by Agent.

Such Events of Default entitle Agent (at the direction of the Required Lenders) and the Lenders to exercise all of their rights and remedies under the Credit Agreement.

**<u>Notice of Forbearance Defaults</u>**

Agent (at the direction of the Required Lenders) hereby provides the Borrowers formal notice that the following Forbearance Defaults have occurred and are continuing under the Forbearance Agreement:

(i)    A Forbearance Default under Section 10.1 of the Forbearance Agreement for the failure to perform and observe all applicable covenants, terms and conditions, and other obligations contained in all of the Loan Documents (except as expressly modified in the Forbearance Agreement) and the Forbearance Agreement, except with respect to the Specified Defaults, in violation of Section 5.1 of the Forbearance Agreement.

(ii)    A Forbearance Default under Section 10.1 of the Forbearance Agreement for the failure to obtain the final certificate of occupancy and close out documents related to the NJ Construction by no later than May 15, 2024, in violation of Section 5.3 of the Forbearance Agreement.

(iii)    A Forbearance Default under Section 10.1 of the Forbearance Agreement for the failure of JG New Jersey LLC to comply with the terms of the NJ Consulting Agreement in all material respects and to not interfere with or otherwise challenge the operational control of the NJ Operations Manager, in violation of Section 5.7(c) of the Forbearance Agreement.

(iv)    A Forbearance Default under Section 10.1 of the Forbearance Agreement for failing to fully cooperate with Agent and the Lenders in all respects in the PA Cultivation

Foreclosure Proceeding and failing to promptly take such further actions that Agent may reasonably request in order for Agent to foreclose on the PA Cultivation Property, in each case, by not stipulating to entry of judgment in the PA Cultivation Foreclosure Proceeding in violation of Section 5.10(a) and (b) of the Forbearance Agreement.

(v) A Forbearance Default under Section 10.2 of the Forbearance Agreement for the occurrence of any Default or Event of Default under the Credit Agreement.

Pursuant to Section 2.1 of the Forbearance Agreement, such Forbearance Defaults entitle Agent (at the direction of the Required Lenders) and the Lenders to exercise all of their rights and remedies under Credit Agreement and the other Loan Documents by reason of the continuation of any Specified Defaults.

**Reservation of Rights**

This letter does not purport to contain a complete or exclusive list of all Forbearance Defaults under the Forbearance Agreement, nor does it purport to contain a complete or exclusive list of all Events of Default or potential Events of Default under the Credit Agreement and other Loan Documents. Agent and the Lenders reserve the right to recognize and notify the Borrowers of additional Forbearance Defaults, Defaults or Events of Default as they occur or as the Lenders and Agent learn of them.

While we are notifying the Borrowers of the foregoing Events of Default and Forbearance Defaults and of the other matters described above, the undersigned at the present time is in the process of reviewing the appropriate course of action to be taken with respect to the above-referenced Events of Default and Forbearance Defaults. Among other rights, pursuant to Section 2.2 of the Forbearance Agreement, the Forbearing Lenders may, in their sole discretion and without obligation, renew or extend the Forbearance Period, or grant additional forbearance periods.

This letter, and any delay or failure by Agent (at the direction of the Required Lenders) and the Lenders to exercise at this time any of their other rights and remedies, shall not impair any power, right or privilege granted to Agent or the Lenders in the Credit Agreement or the other Loan Documents or by law available to them or be construed to be a waiver of or acquiescence in any Event of Default under the Credit Agreement or the other Loan Documents, or any Forbearance Default under the Forbearance Agreement.

*[Signature page follows]*

Sincerely,

**AFC AGENT LLC**

By: *Daniel Neville* (DocuSigned, 8E18EE9AC5734E9...)
Name: Daniel Neville
Title: Authorized Signatory

4900-4203-0615.4

## Exhibit A

**Forbearance Agreement**

[see attached]

4900-4203-0615.4