# EXHIBIT L

RECEIVED

FEB 1 4 2025

OFFICE OF THE SECRETARY
SECRETARY OF HEALTH

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HEALTH

PIER COVE, LLC,

    Appellant/Petitioner,

v.

PENNSYLVANIA DEPARTMENT OF HEALTH,
BUREAU OF MEDICAL MARIJUANA

    Appellee/Respondent.

Docket No. MM 24-013 GP

## APPELLEE/RESPONDENT'S UNOPPOSED MOTION TO CONTINUE HEARING AND RESET PRE-HEARING SCHEDULE

The Pennsylvania Department of Health, Bureau of Medical Marijuana (Department), by and through its undersigned counsel, hereby respectfully requests the continuance of the hearing currently scheduled for April 15, 2025 at 9:20 a.m. to October 1, 2025, or a date thereafter that is amenable to the Hearing Examiner, and to reset the pre-hearing schedule ordered on November 27, 2024 as identified in this Unopposed Motion. Appellant/Petitioner Pier Cove, LLC (Pier Cove) does not oppose this request. In support of this Unopposed Motion, the Department states:

1. On August 26, 2024, Pier Cove filed a Notice of Appeal pursuant to 28 Pa. Code §§ 1230a.38 and 1230a.43.

2. The hearing was originally scheduled for December 16, 2024 at 9:30 a.m.

3. On November 26, 2024, Pier Cove filed its Unopposed Motion to Reset Hearing and Set Pre-Hearing Schedule, requesting that the December 16, 2024 hearing be rescheduled for 120 days and to set a pre-hearing schedule.

4. On November 26, 2024, this tribunal entered the Order Granting Pier Cove, LLC's Motion to Reset Hearing and Set Pre-Hearing Schedule, which continued the hearing to

April 15, 2025 at 9:30 a.m. and set the following pre-hearing schedule:

   a. Pier Cove, LLC's ("Petitioner") settlement offer and plan of action ("settlement offer") shall be submitted to the Commonwealth by December 20, 2024;

   b. The Pennsylvania Department of Health, Bureau of Medical Marijuana ("Commonwealth") shall respond to the Settlement Offer within sixty-day (60) days of the date of the Settlement Offer;

   c. The Parties are to exchange preliminary exhibits, witness lists and copies of the listed exhibits, if any, no later than March 18, 2025 (*i.e. 28 days prior to the hearing date*);

   d. The Parties are to submit stipulations of fact and law, if any, no later than April 1, 2025 (*i.e., 14 days prior to the hearing date*);

   e. The Parties are to submit their witness order no later than April 8, 2025 (*i.e. 7 days prior to the hearing date*)

Order Granting Pier Cove, LLC's Motion to Reset Hearing and Set Pre-Hearing Schedule, pgs. 1-2.

5. On December 20, 2024, Pier Cove, through its counsel, submitted its settlement offer and plan of action (Settlement Offer).

6. In reviewing the proposed Settlement Offer, the Department found that it needed additional and supplemental information to fully understand Pier Cove's plan of action to bring the facility into compliance for its initial operations and into compliance for its full operations as identified in its initial permit application and to address a new mold issue that the Department was previously unaware.

7. On January 27, 2025, the Department, through its counsel, requested additional and supplemental information to assist the Department in making its decision.

8. On February 9, 2025, Pier Cove's grower/processor facility had a break-in and burglary that resulted in non-medical marijuana-specific equipment being stolen and some vandalism of the facility.

9. On February 10, 2025, counsel for Pier Cove and the Department (the "Parties")

4933-4502-9402.1

conferred about the particulars of the request for additional information, including the need for Pier Cove to work with third-party contractors. Because the assembly of this additional information would extend past the Department's February 18, 2025 response deadline (i.e., within sixty-day (60) days of the date of the December 20, 2024, Settlement Offer), counsel for the Department informed counsel for Pier Cove its intent to file this motion and was informed that Pier Cove does not oppose this motion.

10. Moreover, the Parties recognize that the request for additional information and the potential impact of the break-in on the Settlement Offer will require the collection, assembly, and submission of supplemental information and will require Pier Cove to work with third-party contractors. The Department supports Pier Cove having additional time that extends past the February 18, 2025 response deadline to properly address the request for information and make any changes to the original Settlement Offer that may result from the facility's break-in.

11. Following the submission of the supplemental information, the Department will need time to review those materials and the parties will then need to negotiate terms of any proposed resolution.

12. The parties continue to work in good faith towards a potential resolution outside of litigation, which enables the parties to avoid costly litigation and this tribunal to conserve resources.

13. Accordingly, the Department, in consideration of the time Pier Cove needs to work with third-party contractors in the pursuit of settlement of this matter, requests the hearing be continued to October 1, 2025, or a date thereafter that is amenable to the Hearing Examiner, and the entry of the following pre-hearing schedule:

    a. Pier Cove is to submit to the Department supplemental information for its

    Settlement Offer by May 19, 2025 (the "Amended Settlement Offer");

    b. The Department shall respond to the Amended Settlement Offer by July 3, 2025 (*i.e., 45 days after receipt of supplemental information*).

    c. The Parties shall provide the status of the settlement negotiations on August 4, 2025; (*i.e., 30 days after the Department's review is completed*).

    d. If the Parties are unable to settle, the Parties are to exchange preliminary exhibits, witness lists, and copies of the listed exhibits, if any, no later than September 3, 2025 (*i.e., 28 days prior to the hearing*);

    e. The Parties are to submit stipulations of fact and law, if any, no later than September 17, 2025 (*i.e., 14 days prior to the hearing*);

    f. The Parties are to submit their witness order no later than September 24, 2025 (*i.e., 7 days prior to the hearing*).

14. No party will be prejudiced by a continuance of the hearing of this matter. This request is being made in furtherance of good faith settlement discussions and not for purposes of hindrance or delay.

WHEREFORE, the Department respectfully requests the continuance of the hearing scheduled for April 15, 2025 at 9:20 a.m. to October 1, 2025, or a date thereafter that is amenable to the Hearing Examiner, and the entry of the amended pre-hearing schedule.

Respectfully submitted,

/s/ *Joanna A. Waldron*
**JOANNA A. WALDRON**
Assistant Counsel
Attorney I.D. 84768

Pennsylvania Department of Health
Office of Chief Counsel
Health & Welfare Building, Room 825
625 Forster Street
Harrisburg, PA 17120
Phone: (717) 783-2500

Date: February 14, 2025

*Counsel for the Department of Health,*
*Bureau of Medical Marijuana*

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF HEALTH**

| | |
|---|---|
| **PIER COVE, LLC,**<br>Appellant/Petitioner,<br><br>v.<br><br>**PENNSYLVANIA DEPARTMENT OF HEALTH,**<br>**BUREAU OF MEDICAL MARIJUANA**<br>Appellee/Respondent. | **Docket No. MM 24-013 GP** |

## CERTIFICATE OF SERVICE

I, Joanna Waldron, Assistant Counsel, hereby certify that on the 14th day of February 2025, the foregoing Motion has been served on the following by USPS First Class Mail at the following addresses:

Kristina S. Dahmann, Esq.
Ice Miller, LLP
250 West Street, Suite 700
Columbus, OH 43215

Jaqueline M. Lesser, Esq.
1735 Market Street, Suite 3900
Philadelphia, PA 19103

/s/ *Joanna A. Waldron*
**JOANNA A. WALDRON**
Assistant Counsel
Counsel for Department of Health

4933-4502-9402.1