SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

AFC AGENT LLC,

        Plaintiff,

-against-

JG HOLDCO LLC,

        Defendant.

Index No. _____

**SUMMONS**

---

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer (or, if the Complaint is not served with this Summons, to serve a notice of appearance) on the Plaintiff's attorney within twenty (20) days after service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if the Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    Venue is based on, among other grounds, CPLR 501 and pursuant to the provisions of the agreements that are the subject of this action, and CPLR 503 and 509 as the County designated by Plaintiff.

Dated: New York, New York
April 28, 2025

O'MELVENY & MYERS LLP

By: /s/ Abby F. Rudzin
    Abby F. Rudzin, Bar No. 4126330
    arudzin@omm.com
    Alexander C. Miller, Bar No. 5951611
    alexandermiller@omm.com

    1301 Avenue of the Americas
    Suite 1700
    New York, New York  10019-6022
    Ph: +1 212 326 2000
    Fx: +1 212 326 2061

Attorneys for Plaintiff AFC Agent LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

AFC AGENT LLC,

         Plaintiff,

-against-

JG HOLDCO LLC,

         Defendant.

---

Index No. _____

**COMPLAINT**

Plaintiff AFC Agent LLC ("AFC") by and through its undersigned counsel, for its Complaint against Defendant JG HoldCo LLC ("JG HoldCo") alleges as follows:

## NATURE OF THE ACTION

1. This is a complaint for breach of contract.

2. On April 5, 2021, AFC entered into a credit agreement with JG HoldCo and several JG HoldCo subsidiaries (the "Borrowers") in which AFC agreed to lend the Borrowers up to $46,150,000 for the financing of certain development projects. The agreement was subsequently amended to increase the lenders' financing commitment to $75,400,000.

3. Also on April 5, 2021, AFC and JG HoldCo signed a guaranty (the "Parent Guaranty"), under which JG HoldCo unconditionally and irrevocably guaranteed to AFC the payment of "all of the obligations" of the Borrowers under the Credit Agreement (collectively, the "Guaranteed Obligations"). A copy of the Parent Guaranty is attached as Exhibit A.

4.  These amendments were also guaranteed by JG HoldCo under the Parent Guaranty

5.  The Borrowers have repeatedly defaulted on their obligations under the loan documents. On April 9, 2025, AFC sent the Borrowers and JG HoldCo a notice accelerating all monetary obligations under the Credit Agreement and the Parent Guaranty. These obligations now total $124,967,793.00 and continue to accrue.

6.  JG HoldCo has not satisfied these obligations as required by the Parent Guaranty. AFC turns to this Court to enforce the Parent Guaranty and recover the money AFC lent to the Borrowers that JG HoldCo agreed to repay on their behalf.

## JURISDICTION AND VENUE

7.  The Court has personal jurisdiction over JG HoldCo under General Obligations Law § 5-1402 because JG HoldCo consented to this Court's jurisdiction in Section 24(b) of the Parent Guaranty.

8.  Venue is proper in this County under CPLR 501 because JG HoldCo agreed to the propriety of this venue in the Parent Guaranty and under CPLR 503 and 509 because AFC Agent has designated this County.

## THE PARTIES

9.  AFC Agent LLC is a Delaware limited liability company with its principal place of business in West Palm Beach, Florida. AFC Agent LLC is the administrative agent under the Credit Agreement and the Parent Guaranty and is successor-in-interest in that capacity to AFC Management, LLC.

2

10. Upon information and belief, JG HoldCo LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. JG HoldCo is the ultimate parent company to a wide range of cannabis companies and related management companies.

## FACTUAL ALLEGATIONS

**A. The Credit Agreement and the Parent Guaranty**

11. AFC and the Borrowers and JG HoldCo entered into a credit agreement on April 5, 2021. In that agreement, AFC committed to lending the Borrowers up to $46,150,000.

12. On September 30, 2021, AFC and the Borrowers and JG HoldCo entered into a Second Amended and Restated Credit Agreement (the "Credit Agreement"). A copy of the Credit Agreement is attached as Exhibit B. In the Credit Agreement, AFC increased the amount of money it would lend under the original credit agreement, committing to lend the Borrowers up to $75,400,000 to finance the Borrowers' development of certain projects.

13. Beyond setting out the terms under which the Borrowers were required to repay AFC, Section 8 of the Credit Agreement identifies certain violations and other misconduct by the Loan Parties as "Events of Default." Events of Default include failing to make required principal or interest payments, failing to satisfy covenants and other agreements, making restricted payments, and engaging in affiliate transactions. Section 9.1 of the Credit Agreement then allows AFC to exercise certain remedies against the Borrowers for those Events of Default, including accelerating the loan.

3

14. Section 1 of the Parent Guaranty defines JG HoldCo's "Guaranteed Obligations" as including "all of the Obligations [under the Credit Agreement] now or hereafter existing, whether for principal, interest . . . Original Issue Discount, Prepayment Premium (if any), Exit Fee, Agent Fee, any other fees, Lender Group Expenses . . . or otherwise, and any and all expenses (including reasonable and documented out-of-pocket counsel fees and expenses) reasonably incurred by Agent, any other member of the Lender Group (or any of them) in enforcing any rights under this Guaranty."

15. Under Section 2 of the Parent Guaranty, JG HoldCo "irrevocably and unconditionally guarant[eed] . . . the due payment and performance of the Guaranteed Obligations, when and as the same shall become due and payable, whether at maturity, pursuant to a mandatory prepayment requirement, by acceleration, or otherwise . . . it being the intent of [JG HoldCo] that the guaranty set forth herein shall be a guaranty of payment and not a guaranty of collection."

16. In Section 3 of the Parent Guaranty, JG HoldCo agreed that its "obligations hereunder shall constitute a continuing and irrevocable guaranty of all Guaranteed Obligations now or hereafter existing and shall remain in full force and effect until all Guaranteed Obligations shall have been paid in full in cash . . . ."

17. In Section 4 of the Parent Guaranty, JG HoldCo agreed that if "the Borrowers fail to make any payment of any Guaranteed Obligations . . . , the Guarantor immediately shall cause, as applicable, such payment in respect of the

4

Guaranteed Obligations to be made or such obligation to be performed, kept, observed, or fulfilled."

### B. The Borrowers' Defaults

18. The Borrowers have defaulted on their obligations under the Credit Agreement, and therefore on April 9, 2025, AFC accelerated the loan and demanded immediate payment of outstanding principal, interest, fees, and expenses under the Credit Agreement and the Parent Guaranty.

19. To date, JG HoldCo has not repaid any amount of the loan or otherwise performed its obligation under the Parent Guaranty.

### C. JG HoldCo's Breach of the Parent Guaranty

20. JG HoldCo has breached Sections 2, 3, and 4 of the Parent Guaranty by failing to perform Guaranteed Obligations, causing AFC to suffer substantial damages.

21. Though AFC was not obligated to, it has made a demand upon JG HoldCo for payment and performance of the Guaranteed Obligations, but JG HoldCo has refused to comply with its obligations to pay and perform those Guaranteed Obligations.

22. As a direct and proximate result of JG HoldCo's breach of the Parent Guaranty, AFC has been damaged in an amount not less than $124,967,793.00, plus interest, costs, and attorney's fees, as well as any other amounts that may become due and owing under the Credit Agreement and any other loan documents.

5

## CLAIM FOR RELIEF
## COUNT I: BREACH OF CONTRACT

23. AFC incorporates by reference the foregoing allegations as though set forth herein.

24. The Parent Guaranty is a valid and enforceable contract between JG HoldCo and AFC Agent.

25. AFC has fully performed all obligations and conditions precedent required of it under the Parent Guaranty.

26. AFC lawfully accelerated the Borrowers' obligations under the Credit Agreement and, thus, JG HoldCo's obligations under the Parent Guaranty.

27. JG HoldCo has breached and continues to breach Sections 2, 3, and 4 of the Parent Guaranty by failing to pay and perform the Guaranteed Obligations.

28. As a direct and proximate result of JG HoldCo's breach of the Parent Guaranty, AFC has been damaged in an amount not less than $124,967,793.00, plus interest, costs, and attorneys' fees, as well as any other amounts that may become due and owing under the Credit Agreement and the other loan documents.

29. AFC is entitled to recover from JG HoldCo the full amount of its damages, plus interest, costs, and attorneys' fees, as well as any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, AFC respectfully requests that this Court:

a) Award AFC damages on its Complaint against JG HoldCo in an amount not less than $124,967,793.00, plus interest, costs, and attorneys' fees, as

6

well as any other amounts that may become due and owing under the Credit Agreement and any other loan document;

  b) Award AFC pre-judgment and post-judgment interest on the foregoing amounts;

  c) Enjoin JG HoldCo from transferring, encumbering, or otherwise disposing of any of its assets, except as authorized by this Court;

  d) Award AFC a lien on and secured interest in all assets of JG HoldCo, and authorize AFC to apply such assets to the satisfaction of the judgment;

  e) Grant such other and further relief to AFC as the Court deems just and appropriate under the circumstances.

Dated: New York, New York  
   April 28, 2025

O'MELVENY & MYERS LLP

By: /s/ Abby F. Rudzin  
 Abby F. Rudzin, Bar No. 4126330  
 arudzin@omm.com  
 Alexander C. Miller, Bar No. 5951611  
 alexandermiller@omm.com

 1301 Avenue of the Americas  
 Suite 1700  
 New York, New York 10019-6022  
 Ph: +1 212 326 2000  
 Fx: +1 212 326 2061

Attorneys for Plaintiff AFC Agent LLC

7