

May 1, 2025

**VIA ECF**

The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

    Re:    Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al., Case No. 3:25-cv-2789, Submission Regarding Preliminary Injunction Hearing

Dear Judge Quraishi:

Plaintiffs, Hayden Gateway LLC ("Hayden") and Bloc Dispensary LLC ("Bloc") (jointly, "Plaintiffs"), along with Defendants, Advanced Flower Capital Inc. and AFC Agent LLC (jointly, "Defendants") respectfully provide this Court with a joint submission as contemplated by the Court's April 24, 2025 order.[1]

Proposed Schedule and Witnesses:

- To streamline the presentation of evidence, Plaintiffs intend to admit their hearing exhibits at the outset of the hearing.

- Defendants object to exhibits being admitted into evidence before Plaintiffs have laid a proper foundation for Plaintiffs to do so. Defendants are open, however, to agreeing that some exhibits—such as the credit agreement—can be admitted at the outset.

- Both parties wish to give the Court a brief opening statement roadmap not to exceed 10 minutes each. Plaintiffs should go first, Defendants should go second.

---

[1] The parties apologize for submitting this filing shortly after midnight on May 1, 2025, when the Court had ordered filing by April 30, 2025. Plaintiffs provided a draft of this joint letter to defense counsel at 8:18 p.m. E.T. on April 30, 2025. Defense counsel responded at 10:49 p.m. that counsel was "almost finished with the letter," but because counsel was on a flight and had to close her computer down for landing, she would "be offline for awhile." Defense counsel's flight was delayed numerous times on April 30, resulting in an unexpected inability of the parties' to coordinate this filing until shortly after midnight.

**Boston**                **Miami**                **New York**

- Plaintiffs then anticipate calling the following witnesses in the following order:

    - Mike Kanovitz or Jon Loevy (10 minutes for direct, 10 for cross examination). These witnesses may testify about the background described in the Memorandum in Support of the Temproary Injunction, including the subject matters in the declarations of Kanovtiz, Feldman and Murray, as well as irrepeable harm Plaintiffs will suffer absent injunctive relief.

    - Alexzandra Fields (30-40 minutes for direct, 10 for cross examination). Ms. Fields will testify consistent with the subjects of her declaration, including the alleged breaches. Ms. Fields will also testify about Mr. Bossidy's tenure at the company, including harm that Mr. Bossidy caused to the operation and his breaches of fiduciary duties, and about the irreparable harm Plaintiffs will suffer absent injunctive relief.

    - Theresa Adamson (10 minutes for direct, 5 for cross examination). Ms. Adamson may testify about the harm that Mr. Bossidy caused to Plaintiffs' busines and the company's turnaround after Bossidy left.

    - Sheraz Warrich (5 minutes for direct, 5 for cross examination). Mr. Warrich may testify that he and his family started a multi-state cannabis company from scratch. At one point in 2023, he and Justice considered merging their companies (but ultimately decided not to due to the AFC debt picture). In connection with those talks, Warrich toured both the Pennsylvania and New Jersey facilities. Warrich will testify that each facility could and should be generating at least $5mm/month in revenue at a high margin if operated properly.

    - Gail Brashers-Krug (20 minutes for direct, 15 for cross examination). Ms. Brashers-Krug will testify consistent with the subjects of her declaration, including the alleged breaches and the forebearance agreement.

    - Andy Poticha[2] (10 minutes for direct, 5 for cross examination). Mr. Poticha is employed by Mosaic and is expected to testify about Mr. Bossidy's decisions and actions that caused the company's problems obtaining the certificate of occupancy in the Pennsylvania facility, including the consequences of Mr. Bossidy's actions.

---

[2] Mr. Poticha resides in Illinois. Plaintiffs respectfully request that the Court entertain Mr. Lipton's testimony by video conference. Defendants will, of course, have the opportunity to cross-examine.

**Boston**                    **Miami**                    **New York**

*[Anticipated 40 minutes for lunch break]*

- o <u>Tim Bossidy</u> (20 minutes for direct, 5 for cross examination). It is anticipated that Mr. Bossidy will testify about his breaches of fiduciary duties and subordination of Plaintiffs' interests to those of AFC, along with his damaging Plaintiffs' busines. Mr. Bossidy will also be examined on his diasterous tenure as Justice's CRO.

- o <u>Dan Neville</u> (40 minutes for direct, 5 for cross examination). Mr. Neville will be called adversely to provide testimony on: (a) AFC's financial motive to falsely accuse Plaintiffs of default, *i.e.,* AFC's financial emergency caused by its crashing stock price; (b) AFC's unsupported demand that Justice's owners pay $30mm or AFC would sue them; and (c) the alleged breaches.

- Defendants anticipate calling Dan Neville (20 minutes for direct, 10 minutes for cross examination). Mr. Neville will rebut Plaintiffs' presentation of evidence if necessary and testify about the costs and damages Defendants will sustain if they are enjoined or restrained from exercising their remedies as a secured lender.

- Plaintiffs would like to reserve no more than 10 minutes to recall one or more witnesses to rebut Defendants' presentation of evidence.

- Both parties wish to give the Court a brief summation not to exceed 10 minutes each. Defendants should go first, Plaintiffs should go second.

<u>Plaintiffs' Statement About Timothy Bossidy's Appearance on Friday</u>

On the morning of Tuesday April 29, 2025, Plaintiffs' counsel inquired of Defendants' counsel whether Defendants would be making Mr. Bossidy available to testify at Friday's hearing, consistent with the Court's directive. Defendants' counsel informed Plaintiffs' counsel that Defendants were not directing Mr. Bossidy to appear at the hearing. On Tuesday, Plaintiffs forwarded to Mr. Bossidy's attorneys at Weil Gotshal & Manges LLP, the Court's email requiring Mr. Bossidy's in-person attendance at Friday's hearing. Plaintiffs also provided Mr. Bossidy's attorneys with a subpoena, and have made clear that Plaintiffs will pay for Mr. Bossidy's reasonable travel expenses to attend the hearing. Plaintiffs requested that Weil inform Plaintiffs whether Mr. Bossidy intends to honor the Court's requirement that he attend Friday's hearing. Weil has questioned the subpoena, and as of the time of this filing, Weil has not confirmed Mr. Bossidy's attendance.

<u>Defendants' Statement About Timothy Bossidy's Appearance on Friday</u>

On the morning of April 29, 2025, the Court asked that Mr. Bossidy be available to testify on Friday. As Defendants' counsel informed the Court within a few hours, Defendants do not employ or have control over Mr. Bossidy. In fact, they have never

employed Mr. Bossidy or even engaged him as an outside consultant. They do not, and cannot, "direct" him to do things. That is why Defendants told Plaintiffs they "were not directing Mr. Bossidy to appear."

Dated: April 30, 2025

Respectfully submitted,

DYNAMIS LLP
*By: /s/ Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.
NJ Bar No. 426422024
(214) 454-8829
11 Park Place
New York, NY 10007
JSolano@dynamisllp.com

Michael B. Homer, Esq.
(617) 693-9732
MHomer@dynamisllp.com
Constantine Economides, Esq.
(305) 985-2959
ceconomides@dynamisllp.com
Eric Rosen, Esq.
(617) 802-9157
ERosen@dynamisllp.com
225 Franklin Street, 26th Floor
Boston, MA 02110
*Pro hac vice applications pending*

*Attorneys for Plaintiffs*

*/s/ Jeffrey Kopczynski*
Jeffrey Kopczynski
Abby F. Rudzin (*pro hac vice motion pending*)
O'MELVENY & MYERS LLP
1301 Ave. of the Americas, 17th Fl.
New York, NY 10019
Ph: (212) 326-2000
Fx: (212) 326-2061
jkopczynski@omm.com
arudzin@omm.com

*Counsel for Defendants*