UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYDEN GATEWAY LLC, AND BLOC DISPENSARY LLC,<br><br>Plaintiffs,<br><br>v.<br>ADVANCED FLOWER CAPITAL INC., AND AFC AGENT LLC,<br><br>Defendants. | Civil Action No. 3:25-CV-02789-ZHQ-JBD<br><br>Honorable Zahid N. Quraishi |

## MEMORANDUM OF LAW IN SUPPORT OF
## NON-PARTY TIMOTHY BOSSIDY'S MOTION TO QUASH SUBPOENA

Dated: May 1, 2025

**WEIL, GOTSHAL & MANGES LLP**
Diane P. Sullivan (Bar No. 025261987)
17 Hulfish Street, Suite 201
Princeton, New Jersey
Telephone: (609) 986-1120
Fax: (609) 986-1199
diane.sullivan@weil.com

Caroline Hickey Zalka
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
caroline.zalka@weil.com

*Counsel for Non-Party Timothy Bossidy*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

    I.    FACTUAL BACKGROUND ............................................................3

    II.    LEGAL STANDARD ........................................................................5

    III.    ARGUMENT .....................................................................................6

        A.    The Subpoena Should Be Quashed Under FRCP 45(d)(3)(A)(i) Because It Fails To Provide Reasonable Time to Comply. ........................................................................6

        B.    The Subpoena Should Be Quashed Under FRCP 45(d)(3)(A)(ii) Because It Requires Mr. Bossidy To Appear In Trenton, New Jersey, More Than 100 Miles From Where He Resides, Is Employed, Or Regularly Transacts Business In Person. ......................................................8

        C.    The Subpoena Should Be Quashed Under FRCP 45(d)(3)(A)(iv) Because It Unduly Burdens Mr. Bossidy. .......10

CONCLUSION ............................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akishev v. Kapustin*,
  2017 WL 11637308 (D.N.J. Mar. 9, 2017) ........................................................7

*Broumand v. Joseph*,
  522 F. Supp. 3d 8 (S.D.N.Y. 2021) ...................................................................9

*Brown v. Hendler*,
  2011 WL 321139 (S.D.N.Y. Jan. 31, 2011) .......................................................7

*In re Centrix Fin., LLC*,
  2012 WL 6625920 (D.N.J. Dec. 18, 2012).......................................................12

*Hightower v. Ingerman Mgmt. Co.*,
  2022 WL 19266260 (D.N.J. May 26, 2022)...................................................6, 9

*In re Lazaridis*,
  865 F. Supp. 2d 521 (D.N.J. 2011) ........................................................6, 10, 11

*Parker v. Bursor*,
  2025 WL 586671 (S.D.N.Y. Feb. 24, 2025) ......................................................9

*Robinson v. Section 23 Prop. Owner's Ass'n*,
  2019 WL 413535 (D.N.J. Jan. 31, 2019), *aff'd*, 778 F. App'x 204
  (3d Cir. 2019)......................................................................................................6

*Smith v. G2 Secure Staff, LLC*,
  2020 WL 2520420 (D.N.J. May 18, 2020).......................................................10

*Verisign, Inc. v. XYZ.com, LLC*,
  2015 WL 7960976 (D. Del. Dec. 4, 2015) .........................................................7

**Other Authorities**

Fed. R. Civ. P. 45 ..........................................................................................*passim*

## **PRELIMINARY STATEMENT**

Non-party, Timothy Bossidy, through his undersigned counsel, respectfully submits this memorandum of law in support of his motion requesting this Court to quash Plaintiff Hayden Gateway LLC's ("Hayden Gateway") and Plaintiff Bloc Dispensary LLC's ("Bloc") (collectively, "Plaintiffs") April 29, 2025 Subpoena to Appear and Testify At A Hearing on May 2, 2025 (the "Subpoena," attached as Exhibit 1 to Sullivan Decl.). For the reasons set forth herein, the Subpoena was not timely served, runs afoul of the limitations imposed by Federal Rule 45, and should be quashed.

First, Plaintiffs' Subpoena, served April 29, 2025, purports to require Mr. Bossidy to appear at the May 2, 2025 hearing (the "Hearing"), in person, on less than 72 hours' notice, notwithstanding that Plaintiffs served their motion for a preliminary injunction on April 21, 2025. *See generally* ECF No. 7. This does not afford a reasonable amount of time for compliance, even in the context of expedited proceedings. If Plaintiffs sought to subpoena Mr. Bossidy to appear, they could have done so with significantly more advance notice and time for compliance (or motion practice). They failed to do so.

Second, the Subpoena commands Mr. Bossidy, a resident of Florida, to appear at a hearing before this Court in New Jersey, more than 100 miles from where Mr. Bossidy resides, is employed, or regularly conducts business. The Subpoena does

not comply with the requirements of Federal Rule of Civil Procedure 45(c) and should be quashed on that basis.

Third, we understand the subject-matter of the Hearing on Friday to concern whether Plaintiffs are (or are not) in default under the terms of the applicable loan agreements and subject to Defendant Advanced Flower Capital Inc.'s and Defendant AFC Agent LLC's (collectively, "Defendants" or "AFC") exercise of remedies. In the parties' Joint Submission Regarding Preliminary Injunction Hearing (the "Joint Pre-Hearing Submission"), Plaintiffs have purported to give themselves the right to "examine" Mr. Bossidy, with the principal area of examination designated as "his breaches of fiduciary duties and subordination of Plaintiffs' interests to those of AFC, along with his damaging Plaintiffs' business." ECF No. 20 at 4.

This is the precise subject matter at issue in their offensive litigation against Mr. Bossidy—namely, the existence and scope of any fiduciary duties owed by Mr. Bossidy during his tenure at Justice Grown, and whether those duties were breached. As discussed below, that subject has little bearing on whether there is a default (or not) under the terms of the parties' agreements.

Plaintiffs' attempt to force Mr. Bossidy to be cross-examined by their counsel, on the exact subject matter at issue in the offensive litigation against him, in an evidentiary vacuum, before any document or deposition discovery takes place pursuant to the procedural safeguards imposed by the Federal Rules in the offensive

2

litigation, imposes significant undue burden—particularly given the lack of relevance of that testimony to the immediate dispute between the parties.

Finally, as a practical matter and as previously advised, Mr. Bossidy has a medical appointment on Friday morning that prevents him from attending the Hearing in person.

On these grounds and those set forth herein, Mr. Bossidy respectfully asks this Court to enter an order quashing Plaintiffs' Subpoena.

Counsel for Mr. Bossidy is cognizant of the Court's request that Mr. Bossidy testify on Friday. Counsel is available at the Court's convenience to explore whether any procedural or subject-matter limitations could be imposed on the scope and manner of testimony that would address the foregoing concerns.

## I. FACTUAL BACKGROUND

For nearly a decade, Mr. Bossidy has provided financial and operational consulting services to companies in transition or financial distress. Bossidy Decl. ¶ 1. After receiving a MBA from Northwestern University Kellogg School of Management, Mr. Bossidy worked as an investment banker at Goldman Sachs focusing on mergers and acquisitions and other equity and debt financing. *Id.* ¶ 2. Currently, Mr. Bossidy serves as a Managing Director at SierraConstellation Partners LLC ("SCP"), a well-recognized consulting and advisory firm, where Mr. Bossidy provides leading consulting and advisory services to a number of

organizations in a variety of industries, including the cannabis industry. *Id.* ¶ 1. Mr. Bossidy currently resides in Miami, Florida and throughout the year, spends a small amount of time in California. *Id.* ¶ 3.

Beginning in 2021, Plaintiffs and Defendants entered into a series of loan agreements, amendments and forbearance agreements, resulting in Defendants lending a total of approximately $75,400,000 to Plaintiffs over the past four years. *See* ECF No. 1 (the "Complaint"), ¶ 70.[1] Plaintiffs and Defendants most recently renegotiated their obligations in March 2024, entering into a forbearance agreement that required Bloc to hire an outside consultant as its Chief Restructuring Officer. ECF. Nos. 7-8, Ex. A. Mr. Bossidy was retained as Bloc's Chief Restructuring Officer on or around April 2, 2024. Bossidy Decl. ¶ 4. Less than one year later, Bloc terminated Mr. Bossidy's appointment as Chief Restructuring Officer. *Id.* ¶ 5.

On April 17, 2025, Plaintiffs filed a Complaint alleging breach of contract, implied covenant of good faith and fair dealing, and for relief under Section 9-625 of the New York UCC. Compl. ¶¶ 254–68. On April 22, 2025, Plaintiffs filed a Motion for Order to Show Cause with Temporary Restraints to be Converted to a Preliminary Injunction (the "Motion"), *see generally* ECF. No. 7, seeking to stop Defendants from "seizing any of Plaintiffs' assets or cash (beyond the permitted

---

[1] Unless otherwise specified, all ECF citations are to the *Hayden Gateway LLC et. al. v. Advanced Flower Capital Inc. et. al.*, 3:25-cv-02789 (D.N.J.) docket.

scheduled cash sweeps), and to cease any other attempted remedy for any alleged default," ECF No. 7-1 at 52–53. This Court scheduled a hearing on May 2, 2025 at 10:00 a.m. to resolve the Motion and on April 28, 2025 issued a Status Quo Order granting the parties' joint stipulation and briefing schedule for the Motion.

On April 29, 2025, Plaintiffs sent the undersigned counsel for Mr. Bossidy the Subpoena, directing Mr. Bossidy to appear at the federal courthouse in Trenton, New Jersey and testify at the Hearing in-person. *See* Exhibit 1 to Sullivan Decl. On May 1, 2025, the parties filed their Joint Pre-Hearing Submission. ECF No. 20. In that submission, Plaintiffs indicated that Mr. Bossidy was being called for purposes of examination concerning the following subject matter: "Mr. Bossidy will testify about his breaches of fiduciary duties and subordination of Plaintiffs' interests to those of AFC, along with his damaging Plaintiffs' business. Mr. Bossidy will also be examined on his disastrous tenure as Justice's CRO." *Id.* at 3.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 45 places limits on the scope of the Court's subpoena power. Federal Rule 45(d)(3)(A)(i) requires the Court "[o]n timely motion" to "quash . . . a subpoena that . . . fails to allow a reasonable time to comply." Further, Federal Rule 45(d)(3)(A)(ii) applies a geographical limit on the reach of a court's subpoena power and prescribes that a subpoena may only command a person to attend a hearing "within 100 miles [from] where the person resides, is employed,

5

or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). On a timely motion, a court must either quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii); *see also Robinson v. Section 23 Prop. Owner's Ass'n*, 2019 WL 413535, at *2 n.9 (D.N.J. Jan. 31, 2019) (quashing subpoena to Florida resident where compliance was required in Georgia), *aff'd*, 778 F. App'x 204 (3d Cir. 2019). Additionally, Rule 45(d)(3)(A)(iv) provides that the court must quash or modify a subpoena that "subjects the person to an undue burden." *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011).

To be sure, even compelling remote testimony would contravene Federal Rule of Civil Procedure 45's geographic limits and impose undue burden in these circumstances. Plaintiffs cannot bypass the express requirements of the Rule as "[t]he plain language of [R]ule 45(c) indicates that the court cannot compel a witness to testify . . . when the individual must travel more than 100 miles from a place of residence, employment or regular business." *Hightower v. Ingerman Mgmt. Co.*, 2022 WL 19266260, at *2 (D.N.J. May 26, 2022) (citation omitted).

### III.  ARGUMENT

**A.  The Subpoena Should Be Quashed Under FRCP 45(d)(3)(A)(i) Because It Fails To Provide Reasonable Time to Comply.**

The Subpoena must be quashed for failure to provide a reasonable time to comply. Plaintiffs filed the Motion on April 21, 2025. The Court set the date for the

6

Hearing on April 25, 2025. ECF No. 14. Despite knowing about the Hearing for three days, Plaintiffs in this action subpoenaed Mr. Bossidy, a non-party, less than three days before he is required to appear in person in New Jersey. Federal courts have found that even seven days' notice "is 'clearly unreasonable, particularly when the 14 day period for serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time.'" *Verisign, Inc. v. XYZ.com, LLC*, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015); *see also, e.g.*, *Akishev v. Kapustin*, 2017 WL 11637308, at *4–5 (D.N.J. Mar. 9, 2017) (granting non-parties' motions to quash the subpoenas because giving only nine and ten days, respectively, between the "receipt of the subpoena and the noticed date of the deposition" did not provide reasonable time to comply with the subpoenas); *Brown v. Hendler*, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) ("In this case, given the distance that Hendler was required to travel to appear for the deposition and the lack of witness and travel fees tendered, the Court finds that nine days was not a reasonable time to comply with the subpoena."); *id.* ("Federal courts have . . . found compliance times of eight and seven days not to be reasonable.").

Accordingly, Plaintiffs' three-day notice to Mr. Bossidy for his in-person appearance in an entirely different State is unreasonable and adequate grounds for this Court to quash the Subpoena. This is particularly true where, as here, Plaintiffs filed their Motion on April 21, 2025 (ECF No. 7) and, if they wished to compel Mr.

Bossidy to appear, could have readily informed Mr. Bossidy at that time, and served a Subpoena as soon as the Court set the Hearing date.

**B.     The Subpoena Should Be Quashed Under FRCP 45(d)(3)(A)(ii) Because It Requires Mr. Bossidy To Appear In Trenton, New Jersey, More Than 100 Miles From Where He Resides, Is Employed, Or Regularly Transacts Business In Person.**

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(ii), the Court must quash a subpoena that "requires a person to" "attend a trial, hearing, or deposition . . ." more than "100 miles of where the person resides, is employed, or regularly transacts business in person." *See* Fed. R. Civ. P. 45(c)(1)(A).

Here, Mr. Bossidy primarily resides at his home in Miami, Florida, and regularly conducts business in Miami, spending a small amount of time throughout the year in California. Bossidy Decl. ¶ 3. Mr. Bossidy does not reside, is not employed, and does not regularly conduct business within 100 miles of Trenton, New Jersey. *Id.* ¶ 6. Accordingly, because the Subpoena requires Mr. Bossidy to "comply beyond the geographical limits specified in Rule 45(c)" it must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(ii).

Further, Plaintiffs cannot bypass the requirements of Federal Rule of Civil Procedure 45 by requiring compliance with the Subpoena through virtual methods like Zoom or telephone. Even if the Subpoena were to be amended, "[t]he plain language of [R]ule 45(c) indicates that the court cannot compel a witness to testify . . . when the individual must travel more than 100 miles from a place of residence,

8

employment or regular business." *Hightower*, 2022 WL 19266260, at *2 (citation quotes omitted). "[A]llowing a party to compel the attendance of a witness for remote testimony . . . would eviscerate the express geographical limitations of Rule 45." *Id.*; *see also Broumand v. Joseph*, 522 F. Supp. 3d 8, 23–24 (S.D.N.Y. 2021) ("[T]he Court concludes that this [virtual testimony] approach is inconsistent with the text of Rule 45(c), which speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend.").

Indeed, on its face, Rule 45 mandates quashing the Subpoena because Mr. Bossidy lives hundreds of miles from the location of the Hearing. *See Parker v. Bursor*, 2025 WL 586671, at *1 (S.D.N.Y. Feb. 24, 2025) (denying motion to compel the remote video testimony of a non-party witness at a hearing and quashing the subpoena requiring his testimony because "the subpoena seeking remote testimony by [the non-party witness] is valid only if he lives, works, or regularly attends to business in person within 100 miles of th[e] Court").

Similarly, Mr. Bossidy's former position as Chief Restructuring Officer at Bloc's New Jersey facility provides no basis for his compliance to appear at the Hearing. Mr. Bossidy's employment was terminated on March 14, 2025 and he is no longer an officer of Bloc, employed in New Jersey or regularly transacting business in New Jersey. Bossidy Decl. ¶¶ 4–5; *see Smith v. G2 Secure Staff, LLC*,

9

2020 WL 2520420, at *3 (D.N.J. May 18, 2020) (holding that "[b]ecause [a nonparty witness] resides in Los Angeles, this Court lacks the power to subpoena him . . . [a]dditionally, Defendant cannot compel [a nonparty witness] to appear, as he is no longer a G2 employee.").

**C.      The Subpoena Should Be Quashed Under FRCP 45(d)(3)(A)(iv) Because It Unduly Burdens Mr. Bossidy.**

Federal Rule 45(d)(3)(A)(iv) requires the Court to quash or modify a subpoena which "subjects a person to undue burden." An undue burden exists when the subpoena is "unreasonable or oppressive" and "courts have used several factors in determining a subpoena's reasonableness [including] . . . the relevance of the material . . . [and] the burden imposed on the subpoenaed party." *Lazaridis*, 865 F. Supp. 2d, at 524.

We understand the Hearing is set to resolve Plaintiffs' Motion which requests that this Court issue an order prohibiting "Defendants to cease seizing any of Plaintiffs' assets (beyond the permitted scheduled cash sweeps), and to cease any other attempted remedy for any alleged default." ECF No. 7-1 at 53. In the Joint Pre-Hearing Submission, Plaintiffs designated the anticipated principal area of Mr. Bossidy's testimony to include "his breaches of fiduciary duties and subordination of Plaintiffs' interests to those of AFC, along with his damaging Plaintiffs' business" and "his disastrous tenure as Justice's CRO." ECF No. 20 at 3. This is precisely the subject matter at issue in Plaintiff Bloc's offensive litigation against Mr. Bossidy—

namely, the existence and scope of any fiduciary duties owed by Mr. Bossidy during his tenure at Justice Grown, and whether those duties were breached. *Bloc Dispensary LLC v. Bossidy*, Case No. 3:25-cv-01725 (D.N.J.) ECF No. 1 (Complaint against Mr. Bossidy), at ¶¶ 1, 13–16.

Mr. Bossidy's fiduciary duties are irrelevant to the present dispute before this Court. As Defendants note, Mr. Bossidy's "role was limited to overseeing the New Jersey operations" and "[h]e had nothing to do with nearly all the defaults." ECF No. 19, at 11 n.3. As Defendants further point out, Mr. Bossidy's alleged mismanagement during his limited role at one facility, beginning in April 2024, when the events underlying the dispute occurred over a period of four years, bears little weight on the crux of the parties' ultimate factual dispute—whether Plaintiffs are in monetary default under the loan and forbearance agreements. *See* ECF No. 7-1 at 53; ECF No. 19 at 11–15. *See Lazaridis*, 865 F. Supp. 2d at 528 (granting Petitioner's motion to quash the subpoena in part due to the "cost and burden" outweighing the "actual need or relevance of the information sought"); *In re Centrix Fin., LLC*, 2012 WL 6625920, at *6 (D.N.J. Dec. 18, 2012) (quashing a subpoena because, among other reasons, "Everest is a non-party and therefore is afforded greater protection from discovery than a normal party").

## **CONCLUSION**

For the foregoing reasons, Mr. Bossidy respectfully requests that the Court grant his Motion in its entirety and issue an order quashing the Subpoena addressed to him. Mr. Bossidy also seeks all other and further relief as is just and equitable. As stated above, Counsel for Mr. Bossidy is cognizant of the Court's request that Mr. Bossidy testify on Friday. Counsel is available at the Court's convenience to explore whether any procedural or subject matter limitations could be imposed on the scope and manner of testimony that would address the foregoing concerns.

Dated: May 1, 2025                              Respectfully submitted,

*/s/ Diane P. Sullivan*
Diane P. Sullivan
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, New Jersey
Telephone: (609) 986-1120
Fax: (609) 986-1199
diane.sullivan@weil.com

Caroline Hickey Zalka
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
caroline.zalka@weil.com

*Counsel for Non-Party Timothy Bossidy*