UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAYDEN GATEWAY LLC, *et al.*,

Plaintiffs,

v.

ADVANCED FLOWER CAPITAL INC., *et al.*,

Defendants.

Civil Action No. 25-2789 (ZNQ) (JBD)

**ORDER TO SHOW CAUSE**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for an Order to Show Cause to later be converted to a Preliminary Injunction (ECF No. 7) filed by Plaintiffs Hayden Gateway LLC and Bloc Dispensary LLC ("Plaintiffs"). Plaintiffs filed its initial Complaint against Defendant Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "Defendants" or "AFC") on April 17, 2025. (ECF No. 1.) Shortly thereafter, Plaintiffs filed a "Motion for an Order to Show Cause with Temporary Restraints to be Converted to a Preliminary Injunction." (ECF No. 7.) The Court conducted a telephonic case management conference off the record on April 24, 2025 to address the then-pending emergent application. (ECF No. 9.) During that call, the parties discussed in detail maintaining the status quo. After setting a briefing schedule and scheduling a preliminary injunction hearing for May 2, 2025, the parties submitted a joint stipulation for a status quo temporary restraining order (ECF No. 16), which the Court entered on April 28, 2025 ("TRO," ECF No. 17.) That TRO provided that

1. Defendants will not seize any of Plaintiffs' assets or cash (beyond the cash sweeps permitted by the 2024 Forbearance Agreement), initiate foreclosure proceedings, or seek

1

to auction any of Plaintiffs' assets until the earlier of (a) the date the Court resolves Plaintiffs' Motion for Order to Show Cause or (b) May 12, 2025;

2. Defendants agree to file and serve any written opposition to the Plaintiffs' Motion for Order to Show Cause by 1:00 p.m. on April 30, 2025;

3. Plaintiffs agree to file and serve any written reply by 1:00 p.m. on May 1, 2025.

After the TRO went into effect, on April 30, 2025, Plaintiffs submitted a letter to the Court informing it that Defendants, through the same counsel, filed a lawsuit against the parent company of Plaintiffs, JG HoldCo LLC, for breach of contract in New York state court. (ECF No. 18.) The Court was not informed of this lawsuit during its case management conference call or that Defendants intended to file this lawsuit, despite attestations at the preliminary injunction hearing to the contrary. Defense Counsel explained at the preliminary injunction hearing that it could not recall whether it informed the Court about the New York state lawsuit.

The Court finds that Defense Counsel's omission of this New York state litigation, the intent of Defendants to file suit in New York shortly after it stipulated to a TRO, and the possible implications it has to this litigation and the New York state litigation is serious.

Accordingly, **IT IS** on this **2nd** day of **March 2025**, **ORDERED** that by **Friday, May 9, 2025 at 5:00 p.m.**, Defendants must show cause in writing:

1. Whether Defense Counsel is in violation of the TRO in this case and/or the spirit of the TRO in this case based upon the language of the TRO and the Court's discussions with counsel at the case management conference;

2. Whether Defense Counsel is in violation of Model Rule of Professional Conduct 3.3 which sets forth a lawyer's obligation, as an officer of the Court, of candor to the tribunal; and

3. Whether Defense Counsel is in violation of Model Rule of Professional Conduct 3.3 for the failure to inform the New York court system about the TRO, the preliminary injunction hearing, and this litigation.

**IT IS FURTHER ORDERED** that by no later than Monday, May 5, 2025, Defense Counsel must disclose this Order and the current status of this litigation in writing to the New York judge, and if a judge is not assigned, to the New York court system, including why Defense Counsel is obligated to disclose this information pursuant to this Order; it is further

**ORDERED** that Defense Counsel shall file proof of its submission to the New York state court on this Court's docket; it is further

**ORDERED** that once Defense Counsel obtains a copy of the transcript from the preliminary injunction hearing held on May 2, 2025, Defense Counsel must produce the transcript to the New York judge, and if a judge is not assigned, to the New York court system; and it is further

**ORDERED** that Defense Counsel must inform the New York judge, and if a judge is not assigned, to the New York court system, that the undersigned has ordered counsel to do so.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**