

May 7, 2025

<u>**VIA ECF**</u>

The Honorable J. Brendan Day
United States Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re: **Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al., Case No. 3:25-cv-2789, Plaintiffs' Letter Regarding Exhibits P-19, P-67**

Dear Judge Day:

  Plaintiffs Hayden Gateway LLC ("Hayden") and Bloc Dispensary LLC ("Bloc") (jointly, "Plaintiffs"), respectfully submit this letter regarding Exhibits P-19 and P-67, to address issues raised by Defendants Advanced Flower Capital Inc. and AFC Agent LLC (jointly, "Defendants" or "AFC") in Defendants' Supplemental Submission ahead of the May 2, 2025 Preliminary Injunction Hearing (Dkt. 27, and hereinafter, "Defendants' Supplemental Submission").

  At this stage, Defendants have not specified whether they are maintaining any objections or arguments requiring resolution as to Exhibits P-19 and P-67. To the extent Defendants do seek relief, however, they are not entitled to production of the privileged email they are seeking.

  *Background.* Prior to the Preliminary Injunction Hearing, the parties agreed to a mutual exchange of anticipated exhibits by April 29, with both parties reserving the right to supplement as needed. Accordingly, on April 29, Plaintiffs disclosed a preliminary set of anticipated exhibits, including a document marked as Exhibit 19 which contained several redactions for attorney-client privileged communications (hereinafter, "Withdrawn Exhibit 19"). A copy of Withdrawn Exhibit 19 is attached hereto as Exhibit A.

  Withdrawn Exhibit 19 is an email thread containing nine emails. Only the bottom three emails on the thread are relevant to the issues for which the exhibit was originally disclosed. Those three emails reflect an exchange between Alexzandra Fields, who is Plaintiffs' President and CEO, and Tim Bossidy, who was Plaintiffs' Corporate Restructuring Officer. Despite being Plaintiffs' Corporate Restructuring Officer, Plaintiffs have alleged in this action that Bossidy was in reality working to advance the interests of Defendants (who installed Bossidy as Corporate Restructuring Officer), rather than the interests of Plaintiffs. These three emails are relevant as they are probative of, *inter alia*, Bossidy's allegiance to Defendants rather than Plaintiffs.

**Boston**                **Miami**                **New York**

Fields subsequently forwarded her exchange with Bossidy to Tripp Murray, who was one of Fields' employees, and to Gail Brashers-Krug, who was Plaintiffs' Chief Legal Officer & Chief Administrative Officer. Fields, Murray, and Brashers-Krug subsequently exchanged six emails discussing Fields' earlier exchange with Bossidy, in which Fields and Murray solicited from Brashers-Krug, and Brashers-Krug provided, legal advice regarding Fields' exchange with Bossidy. Accordingly, Plaintiffs' undersigned attorneys redacted for privilege these top six emails, and then disclosed the exhibit to defense counsel on April 29.

On April 30 (two days before the emergency Preliminary Injunction hearing), defense counsel emailed the undersigned challenging the basis of the asserted privilege, claiming that Brashers-Krug is not currently a licensed attorney. Although Brashers-Krug is a graduate of Harvard Law School and was for many years a licensed attorney in good standing in Iowa, upon further investigation, the undersigned learned that Brashers-Krug had been administratively suspended from the Iowa Supreme Court due to noncompliance with CLE and registration requirements.

Rather than needlessly litigate with defense counsel whether the six redacted emails were in fact privileged (they are) on the eve of the emergency hearing, Plaintiffs' counsel withdrew the exhibit and replaced it with an earlier iteration of the same email thread, containing only the three initial relevant emails between Fields and Bossidy (hereinafter, "Exhibit 19"), which were sent before Fields forwarded the exchange to Brashers-Krug. In other words, Plaintiffs submitted a full and complete copy of the relevant thread of three emails. A copy of Exhibit 19, which was admitted into evidence at the Preliminary Injunction Hearing, is attached hereto for the Court's convenience as Exhibit B.

In Defendants' Supplemental Submission, defense counsel requested "that the Court order Plaintiffs to produce [Withdrawn Exhibit 19] in unredacted form if they cannot substantiate the privilege claim." (Dkt. 27.). Defense counsel repeated the same request at the Preliminary Injunction Hearing. Hrg. Tr. 41:1-2 ("I'd like them to produce the whole document in unredacted form, unless they can justify the privilege."). At the hearing, Plaintiffs marked and provided to the Court for *in camera* review a paper copy of Withdrawn Exhibit 19, without any redactions for privilege. Plaintiffs marked this document as Plaintiffs' Exhibit 67, but did not offer it into evidence at the hearing.

As set forth below, the Court should not order Plaintiffs to produce Exhibit 67 to the Defendants, as there are no grounds requiring production at this time, and Exhibit 67 reflects privileged communications.

*Analysis*. Plaintiffs are under no obligation to produce to Defendants Exhibit 67. The parties are not yet in discovery, and there is nothing in Fed. R. Civ. P. 26 (or any other rule or law) which requires Plaintiffs to produce this withdrawn exhibit. Defendants have not identified any support whatsoever for their position that if Party A voluntarily discloses an anticipated exhibit to Party B prior to a hearing, but Party A then withdraws that anticipated exhibit prior to the hearing, Party B has a right to immediate discovery regarding the withdrawn exhibit. This is surely because no such legal support exists.

**Boston**                                **Miami**                                **New York**

To the extent Defendants' position is that Plaintiffs were required to produce Exhibit 67 under the "rule of completeness" and Federal Rule of Evidence 106 (*see* Dkt. 27 at 3), this argument is likewise misplaced. Rule 106 provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "Under this rule, 'a second writing may be required to be read if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *United States v. Davis*, 524 F. App'x 835, 841 (3d Cir. 2013) (quoting *United States v. Soures*, 736 F.2d 87, 91 (3d Cir.1984)).

Plaintiffs maintain that only the three emails reflected in Exhibit 19 are relevant, as they are the only emails in the longer thread as reflected in Exhibit 67 which are probative of Mr. Bossidy's intent and allegiance to Defendants. Plaintiffs likewise maintain that the privileged communications in the subsequent six emails reflected in Exhibit 67 are irrelevant and not at all required to explain the first three admitted emails, place those emails in context, avoid misleading the trier of fact, or insure a fair and impartial understanding. *See id.* But Plaintiffs of course have no objection to the Court, as the trier of fact, reviewing Exhibit 67 for itself to confirm. If the Court believes that the subsequent six emails shown in Exhibit 67 ought to be considered in fairness under Rule 106, then the Court can and should consider those six emails. The Court's *in camera* review of Exhibit 67 ensures full compliance with Rule 106 and amply addresses Defendants' concerns. But Rule 106 (a rule of evidence, not discovery) does not require Plaintiffs to produce Exhibit 67 to Defendants at this stage of litigation.

Dated: May 7, 2025

Respectfully submitted,
**DYNAMIS LLP**

By: */s/ Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.
NJ Bar No. 426422024
(214) 454-8829
11 Park Place
New York, NY 10007
JSolano@dynamisllp.com
Michael B. Homer, Esq.
(617) 693-9732
MHomer@dynamisllp.com
Constantine Economides, Esq.
(305) 985-2959
ceconomides@dynamisllp.com
225 Franklin Street, 26th Floor
Boston, MA 02110
*Pro hac vice applications pending*

*Attorneys for Plaintiffs*

**Boston**                              **Miami**                              **New York**