IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYDEN GATEWAY LLC and BLOC DISPENSARY LLC,<br><br>Plaintiffs,<br>v.<br><br>ADVANCED FLOWER CAPITAL INC. and AFC AGENT LLC,<br><br>Defendants. | Civil Action No. 3:25-cv-02789-ZHQ-JBD |

### DECLARATION OF ABBY F. RUDZIN IN SUPPORT OF DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

I, Abby F. Rudzin, declare under penalty of perjury that the following is true and correct:

1. I am admitted to practice law in the State of New York and am admitted *pro hac vice* to appear in this matter. I am a partner in the law firm O'Melveny & Myers LLP, counsel to Advanced Flower Capital Inc. and AFC Agent LLC ("Defendants" or "AFC") in the above-captioned action. I respectfully submit this declaration in support of Defendants' Response to Order to Show Cause. I have personal knowledge of the facts recited herein.

2. I begin by apologizing to the Court for any confusion I caused. I did not mean to be evasive or disrespectful to the Court. I believe that I have always been honest with the Court. As I told the Court at the beginning of the May 2 hearing, I knew about AFC's plan to file a lawsuit against JG HoldCo, the Borrowers' parent company, at the time of the April 24 telephonic conference. I did not in any way see it as relevant to the TRO issue—i.e., whether AFC should be

temporarily precluded from exercising remedies against the Plaintiffs' assets—because the suit concerned JG HoldCo's assets and its liability on a contract to which Plaintiffs were not a party. And in any event it would have no immediate consequences, much less harmful or irreversible ones. AFC had already sought to foreclose on one of the Borrowers' properties in Pennsylvania and had filed a complaint against the Borrowers' shareholder guarantors. I considered the forthcoming action against JG HoldCo under its guaranty to be just another litigation AFC needed to file to seek all possible sources for repayment of the Borrowers' loan.

3. My understanding of why Plaintiffs requested the TRO was primarily to protect their cash—because AFC has control of their bank accounts—and possibly avoid further foreclosure proceedings (with subsequent auctions) while the Court considered their preliminary injunction request. Plaintiffs had expressed fear that they might go out of business as a result of AFC's efforts to enforce its remedies against the Borrowers. But merely filing claims against JG HoldCo—which could take years to adjudicate in state court—would not, in my view, affect the Borrowers' ability to stay in business or otherwise harm them.

4. Even if I thought a forthcoming lawsuit against JG HoldCo was relevant to the issues before this Court—and I truly did not—the nascent stage of the unfiled proceeding required me to keep it confidential. My discussions with AFC about litigation strategy are obviously protected by the attorney-client privilege, which I am ethically bound to protect.

5.     Attached as Exhibit A is a true and correct copy of the foreclosure complaint AFC filed against SRG HI Park LLC, one of the Borrowers, on February 2, 2025, in the Pennsylvania Court of Common Pleas, Luzerne County (Case No. 202501520).  This is the Pennsylvania cultivation foreclosure proceeding discussed in the parties' Forbearance Agreement and at the May 2, 2025 hearing.  Attached as Exhibit B is a true and correct copy of SRG HI Park LLC's Answer to that complaint.

6.     Attached as Exhibit C is a true and correct copy of the April 5, 2021 agreement that Plaintiffs' indirect shareholders Jon Loevy and Michael Kanovitz signed guaranteeing some of the Borrowers' obligations to AFC.

7.     Attached as Exhibit D is a true and correct copy of the complaint AFC filed against Messrs. Loevy and Kanovitz on April 10, 2025, in the Southern District of New York.  Attached as Exhibit E is a true and correct copy of the Civil Cover Sheet filed with that complaint.

8.     Attached as Exhibit F is a true and correct copy of the April 5, 2021 agreement in which JG HoldCo LLC unconditionally and irrevocably guaranteed all of the Borrowers' payment obligations to AFC.  Jon Loevy signed on JG HoldCo's behalf.

9.     Attached as Exhibit G is a true and correct copy of the complaint AFC filed on April 28, 2025, in the Supreme Court of the State of New York, County of New York (Index No. 652644/2025).  Although a young associate had sent me a draft of this complaint, I had not begun reviewing and editing it until after this Court's April 24 teleconference and did not send a draft of it to AFC until 6:45 p.m.

on April 27. Although the complaint—a straightforward seven pages—has been filed, it has not yet been assigned to a judge because neither AFC nor JG Holdco has filed a Request for Judicial Intervention.

10. Attached as Exhibit H is a true and correct copy of the September 30, 2021 Second Amended and Restated Security Agreement signed by Jon Loevy on behalf of the Borrowers. The agreement grants AFC a lien on, and secured interest in, the Borrowers' assets.

DATED: May 9, 2025
New York, New York.

_____
Abby F. Rudzin
O'MELVENY & MYERS LLP