

May 28, 2025

**VIA ECF**
The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

  Re: Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al., Case No. 3:25-cv-2789, **Letter Motion to Compel AFC to Permit Hayden Gateway LLC to Comply with Court Order or, in the Alternative, Request to Modify Court Order**

Dear Judge Quraishi:

  Plaintiffs Hayden Gateway LLC ("Hayden") and Bloc Dispensary LLC ("Bloc") (jointly, "Plaintiffs"), by and through undersigned counsel, respectfully request that the Court: (1) order AFC to permit Plaintiff Hayden Gateway LLC—whose operating accounts AFC controls—to deposit $1 million of Plaintiffs' money with the Clerk of Court in satisfaction of Your Honor's May 9, 2025 Order requiring $1 million security for the preliminary injunction; or (2) modify Your Honor's May 9, 2025 Order to reduce the $1 million security requirement in light of AFC's actions in refusing to approve the expenditure.

  Since the date of the Court's May 9, 2025 order granting our requested preliminary injunction, Plaintiffs have attempted without success to obtain a bond. The prohibitive problem is that the business involves cannabis. It has become clear that Plaintiffs' only option to satisfy the bond, at this point, is to deposit the full $1 million amount with the the Clerk of Court directly.

  As the Court also may recall, when AFC unilaterally declared Plaintiffs in default, it "swept" more than $1 million from one of Plaintiffs' bank accounts. After the Court's order declaring Plaintiffs not in default, AFC was forced to return that money to Plaintiffs. That returned money is the only source of funds available to Plaintiffs sufficient to satisfy the current security obligation.

  As Your Honor remembers, however, AFC controls Hayden Gateway LLC's bank accounts and, therefore, can obstruct expeditures. Yesterday, AFC refused to approve Hayden Gateway LLC's transfer of the $1 million security to the Clerk of Court in satisfaction of Your Honor's May 9, 2025 Order.

**Boston**          **Miami**         **New York**

Under the circumstances, Plaintiffs respectfully request that the Court order AFC to approve the $1 million transfer to the Clerk of the Court to satisfy the requirement to post a bond, or, alternatively, modify Your Honor's prior order to eliminate or materially reduce the security (in light of the current posture that Plaintiffs will have to post 100% of any bond).

For the Court's convenience, a "So Ordered" proposal and signature line are below.

Dated: May 28, 2025

Respectfully submitted,

**DYNAMIS LLP**

By: */s/ Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.
11 Park Place
New York, NY 10007
973-295-5495
JSolano@dynamisllp.com

Michael B. Homer, Esq.
Constantine Economides, Esq.
225 Franklin Street, 26th Floor
Boston, MA 02110
MHomer@dynamisllp.com
CEconomides@dynamisllp.com
*Pro hac vice applications pending*

*Attorneys for Plaintiffs*

The Court hereby ORDERS AFC to permit Hayden Gateway LLC to transfer $1 million to the Clerk of this Court in satisfaction of the security ordered by this Court on May 9, 2025. If AFC fails to provide such approval by _____, 2025, the Court hereby MODIFIES its May 9, 2025 Order, and ORDERS that, in light AFC's actions controlling Hayden Gateway LLC and thwarting its efforts to satisfy this Court's order, no security is necessary for the preliminary injunction.

SO ORDERED this _____ date of _____, 2025.

_____
The Honorable Zahid N. Quraishi
United States District Judge

**Boston**                               **Miami**                               **New York**