

May 29, 2025

<u>VIA ECF</u>
The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

   Re: Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al., Case No. 3:25-cv-2789

Dear Judge Quraishi:

  We write in response to defense counsel's assertion in Defendants' May 29, 2025 letter that our recitation of facts to the Court was inaccurate. As reflected in the attached email, on Tuesday, Plaintiffs attempted to send the wire to the Clerk of Court's bank account. Yesterday afternoon, the bank informed Plaintiffs that AFC did not give the necessary authorization to complete the wire. This, coupled with defense counsel's prior representation that AFC was unwilling to agree to continue to abide by the terms of the preliminary injunction for much longer if the bond was not posted, led us to seek prompt relief from the Court.

  The Court should direct AFC to permit Plaintiffs to withdraw their own money from their own bank account to pay the bond that AFC requested Plaintiffs be required to post. AFC is now attempting through new counsel to litigate an issue that AFC did not raise in its opposition brief or at the preliminary injunction hearing and is asking now that the Court impose a more onerous requirement on Plaintiffs—to find $1 million from a source outside of Plaintiffs' own assets. That is not what Your Honor ordered. Tellingly, AFC provides no legal authority for its proposition that a borrower must satisfy a litigation bond with outside assets.

  Nor should this Court give credence to AFC's argument about a "contradiction." There is no contradiction. AFC conflates the testimony at the hearing about irreparable harm if the cash sweeps were to continue (in the future) with money that AFC had already taken by way of an unauthorized cash sweep (in the past). Plaintiffs would, of course, much prefer to use the returned cash-sweep money to help operate the business, but is also prepared to meet the Court's order that it put up the $1 million security.

  AFC's attempt to make an end-run around the preliminary injunction by refusing to provide Plaintiffs with the necessary approval to post the security with its own funds is gamesmanship and should be rejected. But for the fortuity of the DACA in place, this

**Boston**           **Miami**           **New York**

would not be an issue, and the bond would have already been posted. If AFC wants the bond, they should permit Plaintiffs to post it.

Dated: May 29, 2025

                                                  Respectfully submitted,

                                                  **DYNAMIS LLP**

                                                  By: */s/ Jamie Hoxie Solano*
                                                  Jamie Hoxie Solano, Esq.
                                                  11 Park Place
                                                  New York, NY 10007
                                                  973-295-5495
                                                  JSolano@dynamisllp.com

                                                  Michael B. Homer, Esq.
                                                  Constantine Economides, Esq.
                                                  225 Franklin Street, 26th Floor
                                                  Boston, MA 02110
                                                  MHomer@dynamisllp.com
                                                  CEconomides@dynamisllp.com
                                                  *Pro hac vice applications pending*

                                                  *Attorneys for Plaintiffs*

cc:  All counsel of record via ECF

**Boston**                                        **Miami**                                       **New York**