# MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW
437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
───────
EREZ J. DAVY*
MICHAEL J. FLYNN

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: kmarino@khmarino.com
*OF COUNSEL

July 30, 2025

<u>V<small>IA</small> ECF</u>

The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

Re:    *Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al.*,
       Case No. 3:25-cv-02789-ZNQ-JBD

Dear Judge Quraishi:

Pursuant to the Court's Judicial Preferences, Defendants Advanced Flower Capital Inc. and AFC Agent LLC (collectively "AFC") hereby request a pre-motion conference to discuss their anticipated motion to dismiss Plaintiffs' Amended Complaint.

**Plaintiffs' Declaratory Judgment Claim Should Be Dismissed**

The Amended Complaint adds a cause of action for declaratory relief (Count IV), which asks the Court to resolve a purported dispute concerning whether (i) Plaintiffs paid interest that exceeds the maximum amount allowed by law; and (ii) some portion of the interest must be recharacterized as payment of principal. There is no such dispute, however, because Plaintiffs' position fails as a matter of law. Since the existence of "an actual controversy between the parties" is the *sine qua non* of a declaratory judgment claim, *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 622 F. App'x 169, 174 (3d Cir. 2015), Plaintiffs' declaratory judgment claim must be dismissed.

Plaintiffs premise that claim on (i) Section 856 of the Internal Revenue Code (26 U.S.C. § 856); and (ii) Section 2.5(f) of the parties' Credit Agreement. Section 856 specifies the requirements an entity must meet to qualify for taxation as a REIT, which include that at least 75% of the entity's gross income be generated from real estate-related activities (the "75% test"). *See* 26 U.S.C. § 856(c). Section 1.856-5 of the Treasury Regulations provides that, in applying the 75% test, an entity must apportion interest received on loans secured by both real estate and non-real estate collateral and may only count as real estate-related income the proportion of interest equal to the proportion of the loan secured by real estate collateral. *See* 26 CFR § 1.865-5. Finally, Section 2.5(f) of the Credit Agreement provides, in part, that if the Credit Agreement's interest rate or manner of payment exceeds the maximum allowable under applicable law, any interest paid above the maximum shall be applied to reduce the principal balance of the loan.

The theory of Plaintiffs' declaratory judgment claim is that their loan from AFC (and AFC's loans generally) is collateralized primarily by non-real estate assets and, therefore, most of the interest Plaintiffs pay does not qualify as real estate-related income. Unless a portion of the

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

The Honorable Zahid N. Quraishi
July 30, 2025 – Page 2

interest is recharacterized as payment of principal, Plaintiffs claim, AFC is out of compliance with the 75% test and, therefore, is purportedly receiving interest in excess of the maximum amount allowed by law. Plaintiffs ask the Court to declare the amount of interest that must be recharacterized as payment of principal and to recalculate the loan balance accordingly.

The principal flaw in Plaintiffs' argument is clear: even if one assumes that AFC's collection of interest under the Credit Agreement causes it to fail the 75% test (which it does not), that failure would not mean AFC charged or collected interest in excess of any legal limit. Section 856 does not cap the amount of interest a lender like AFC may charge or collect. Rather, it sets the criteria for an entity to qualify as a REIT for tax purposes. If AFC were to fall short of those criteria, it would not violate any law; it would merely lose its eligibility for REIT tax treatment and instead be taxed as a regular corporation. See 26 U.S.C. § 856(g)(1). Because Section 856 does not limit the interest AFC may charge Plaintiffs, Section 2.5(f) of the Credit Agreement is not triggered; there is no basis to recharacterize the interest or recalculate Plaintiffs' loan balance, and no dispute for the Court to resolve.

Additionally, even if Plaintiffs had a colorable argument that AFC charged interest exceeding a legal limit, the Court should decline jurisdiction to adjudicate Plaintiffs' declaratory judgment claim. *See Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) ("The Supreme Court has long held that [the Declaratory Judgment Act] confers discretionary, rather than compulsory, jurisdiction upon federal courts."). Plaintiffs' initial allegation, which undergirds the other claims in the Amended Complaint, was that AFC contracted away or waived its ability to exercise remedies based on certain defaults under the Credit Agreement. If Plaintiffs lose those claims, AFC will be entitled to pursue foreclosure and other available remedies for default. If Plaintiffs win those claims, they will still be obligated to repay AFC's loan no later than May 2026 (when the loan matures). If they fail to do so, AFC will be entitled to pursue foreclosure and other available remedies on that basis. In either scenario, the proper time for a court to determine the balance of the loan—likely a state court presiding over foreclosure proceedings, and not this one—will be when AFC seeks to collect on it. Accordingly, under the factors set forth in *Reifer*, including "the availability and relative convenience of other remedies," "avoidance of duplicative litigation," and the "prevention of the use of the declaratory action as a method of procedural fencing," the Court should decline to adjudicate Plaintiffs' declaratory judgment claim. *Id.* at 146.

## Plaintiffs' Remaining Claims Should Be Dismissed

Plaintiffs' remaining claims are for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and relief under Section 9-625 of the New York UCC (Count III). The common thread running through these claims is the assertion that AFC should not be permitted to foreclose or exercise remedies based on Plaintiffs' existing defaults because they either contracted away, waived or caused those defaults. That is the relief they seek, as well. Am. Compl. pp. 72-73. All these claims either fail to state a claim or are moot.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

The Honorable Zahid N. Quraishi
July 30, 2025 – Page 3

Plaintiffs' breach of contract claim should be dismissed insofar as it alleges that Plaintiffs' attempt to foreclose on the so-called Pier Cove property violated the alleged oral Reopening Agreement. That supposed oral agreement, as alleged, is unenforceable. We are mindful that, in deciding Plaintiffs' preliminary injunction motion, the Court found Plaintiffs were likely to succeed in establishing that the Reopening Agreement was enforceable. That ruling, however, was preliminary. We seek to move to dismiss this branch of the breach of contract claim because: (i) the Forbearance Agreement, which expressly allows AFC to foreclose on the Pier Cove property, provides that it cannot be orally modified; (ii) New York law holds that, in such circumstances, a court may not recognize a purported oral modification without proof of conduct that is both inconsistent with the written agreement and explainable only by reference to the purported oral agreement, *see Merrill Lynch Interfunding, Inc. v. Argenti*, 153 F.3d at 113, 122 (2d Cir. 1998); and (iii) Plaintiffs have not pleaded any such conduct.

Whatever remains of Plaintiffs' breach of contract claim[1] and their claims for breach of the implied covenant and relief under the New York UCC (Counts II and III) should be dismissed for failure to state a claim and/or mootness due to Plaintiffs' undisputed failure to provide AFC with 2023 and 2024 audited financial statements. Although the Court preliminarily found that this failure did not result in default because AFC had orally waived the requirement to provide audited financials, the Credit Agreement also forbade oral modifications. This means that Plaintiffs were required to prove the supposed oral waiver with conduct that was both inconsistent with the written agreement and explainable only by reference to the oral waiver. *See* N.Y. Gen Oblig. Law 15-301(1)*; Towers Charter & Mar. Corp. v. Cadillac Ins.*, 894 F.2d 516, 521-22 (2d Cir. 1990)*.* The Court did not address this requirement in its preliminary injunction ruling, and Plaintiffs have not pleaded any conduct that satisfies it. The Amended Complaint also alleges that the requirement to provide audited financials was waived in the 2024 Forbearance Agreement, which specified additional financial reporting requirements Plaintiffs agreed to follow. This is meritless, as the 2024 Forbearance Agreement expressly provides when and how it amends the Credit Agreement, specifies that the Credit Agreement is otherwise unaffected, and does not mention eliminating the financial statement requirement.

Plaintiffs' inability to plead around the default occasioned by their failure to provide financial statements leaves them unable to state a claim under the New York UCC, which is predicated on the assertion that Plaintiffs are not in default and that AFC's exercise of enforcement rights would be wrongful. Similarly, Plaintiffs' inability to plead around the financial statements default moots their implied covenant claim. That claim, like the others, seeks a declaration that Plaintiffs are not in default or breach of the 2024 Forbearance Agreement and/or an injunction against AFC exercising remedies available upon Plaintiffs' default, neither of which Plaintiffs are entitled to if they are otherwise in default.

Thank you for your consideration of this submission.

---

[1] Plaintiff pleaded its contract and implied covenant causes of action in barebones fashion, alleging unspecified breaches of unspecified "contract(s)". Am. Compl. ¶¶ 324-333.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

The Honorable Zahid N. Quraishi
July 30, 2025 – Page 4

Respectfully submitted,

Kevin H. Marino

cc:  All counsel of record