

A Massachusetts Limited Liability Partnership

*Michael B. Homer, Esq.\**
*Jamie Hoxie Solano, Esq.*
*Constantine Economides, Esq.\**

**September 25, 2025**

**VIA ECF**
The Honorable J. Brendan Day
United States Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7E
Trenton, NJ 08608

Re:   **Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al.,
Case No. 3:25-cv-2789,
Request for Scheduling Conference to Address Discovery**

Dear Judge Day,

Plaintiffs, Hayden Gateway LLC ("Hayden"), Bloc Dispensary LLC ("Bloc"), and JG HoldCo LLC ("JG HoldCo"), respectfully request that the Court schedule an initial Rule 16 scheduling conference to address an appropriate schedule in this case, including commencement of discovery. Defendants have advised that they do not want discovery to proceed until after their motion to dismiss has been decided.

By way of background, this case involves several disputes involving a loan that Defendants made to Plaintiffs which will come due in May 2026. This past Spring, the parties presented live testimony and many exhibits to Judge Quraishi at an all-day evidentiary hearing on Plaintiffs' motion for a preliminary injunction. On May 9, 2025, Judge Quraishi granted Plaintiffs' (then, only Hayden and Bloc, and not their parent holding company JG HoldCo) preliminary injunction request, finding that Plaintiffs established a likelihood of success on the merits of their breach of contract and implied covenant of good faith and fair dealing claims. Following the injunction, Plaintiffs filed an Amended Complaint adding a declaratory judgment claim regarding the parties' ongoing dispute about the outstanding balance of the loan that is soon coming due this May. Plaintiffs need clarity on that outstanding balance so they can obtain refinancing of the loan prior to May 2026.

The pending motion to dismiss, filed by newly retained counsel for Defendants, reiterates many of the same arguments Judge Quraishi already considered and rejected at the preliminary injunction hearing. Defendants have argued further in their motion to dismiss that "[g]iven that discovery has yet to commence in this case, it seems highly unlikely that this Court could adjudicate the loan balance before the May 2026 maturity date[.]" ECF No. 88-1 at 38-39.

*\*Not admitted to practice in New Jersey, admitted in this case pro hac vice*

**Boston          Miami          New York          New Jersey**

The Honorable J. Brendan Day
September 25, 2025
Page 2 of 2

  While it often makes sense to wait until resolution of a motion to dismiss before commencing discovery, some cases warrant an exception. This is one of them. The pending motion to dismiss is unlikely to succeed given that Judge Quraishi has already considered and rejected the bulk of Defendants' arguments after an evidentiary hearing. But even without reaching that issue, and more importantly, Plaintiffs will be prejudiced if discovery does not proceed forward in light of the May 2026 loan deadline. Plaintiffs need discovery so they can determine the outstanding balance of the loan for refinancing.

  Thus, in light of Judge Quraishi's determination that at least two of Plaintiffs' claims will likely succeed on the merits, and the prejudice that Plaintiffs will suffer if discovery does not commence with sufficient time to understand the loan balance before May 2026, we respectfully request that the Court conduct a Rule 16 conference.

  It is certainly within this Court's discretion to schedule the conference. And, "[g]enerally, the filing of a dispositive motion does not constitute 'good cause' under Rule 26(c) to stay discovery." *Morgan v. Quest Diagnostics Inc.*, 2020 WL 7183503, at *1 (D.N.J. June 8, 2020) (citing *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007)); *see also Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (permitting discovery to move forward notwithstanding pending motion to dismiss).

  We thank the Court for Your attention to this request.

                   Respectfully submitted,

                   **DYNAMIS LLP**

                   By: *s/ Jamie Hoxie Solano*
                   Jamie Hoxie Solano, Esq.
                   NJ Bar No. 426422024
                   Michael B. Homer, Esq.
                   Constantine Economides, Esq.
                   200 Connell Drive
                   Berkeley Heights, NJ 07922
                   973-295-5495
                   JSolano@dynamisllp.com
                   MHomer@dynamisllp.com
                   CEconomides@dynamisllp.com