**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
―――――
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: kmarino@khmarino.com
*OF COUNSEL

September 26, 2025

**VIA ECF**

Hon. J. Brendan Day
United States Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7E
Trenton, NJ 08608

Re:   *Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al.*,
       Case No. 3:25-cv-02789-ZNQ-JBD

Dear Judge Day:

On behalf of Advanced Flower Capital Inc. and AFC Agent LLC (together, "AFC"), we write in response to Plaintiffs' request (ECF No. 98) to schedule a Rule 16 conference before the Court resolves AFC's pending motion to dismiss (ECF No. 88 ) ("Motion" or "MTD").

Given that AFC's Motion could eliminate the need for discovery on some or all of Plaintiffs' claims, AFC respectfully submits any Rule 16 conference should be deferred until the Motion has been decided. Local Rule 16.1(a)(1) expressly contemplates this approach, providing that the first scheduling conference should be held within 60 days of filing an initial answer—which is typically served after any motion to dismiss has been decided—unless the Magistrate Judge "defer[s]" the conference "due to the pendency of a dispositive or other motion." *Id.* Consistent with this approach, courts in this District routinely commence discovery only after a dispositive motion has been decided where, as here, the motion could eliminate the need for discovery or significantly narrow its scope. *See Humana Inc. v. Celgene Corp.*, No. 19-cv-7532-ES-MAH, 2025 WL 979005, at *2 (D.N.J. Mar. 19, 2025) (citing *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile)); *Concepcion v. Carbar*, No. 22-cv-5456-RMB-MJS, 2024 WL 3070201, at *4 (D.N.J. June 20, 2024) (staying discovery where it "would not unduly prejudice Plaintiff" but "a denial would result in a burden to Defendants as Defendants would be required to participate in discovery and litigate discovery disputes on issues that could plausibly be eliminated by the pending dispositive motion.").

Aware of this authority, Plaintiffs themselves acknowledge that it "often makes sense to wait until resolution of a motion to dismiss before commencing discovery," but they claim this case "warrrant[s] an exception." Ltr. at 2. The principal reason Plaintiffs offer for this "exception" is their purported need for discovery to "determine the outstanding balance of the loan for refinancing" prior to its May 2026 maturity (which exigency Plaintiffs do not allege in the Amended Complaint). *Id.* But that discovery is relevant (if at all) solely to Plaintiffs' cause of

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Hon. J. Brendan Day, U.S.M.J.
September 26, 2025 – Page 2

action for declaratory judgment—which asserts that the outstanding balance of Plaintiffs' loan from AFC is disputed by the parties, Am. Compl. ¶¶ 339-345—and not to the claims this Court considered in deciding Plaintiffs' motion for a preliminary injunction.[1] Ltr. at 2. As to those latter claims, Plaintiffs do not offer any argument as to why they necessitate commencing discovery prior to the decision on AFC's MTD, nor can they since the Court's preliminary injunction bars AFC from exercising the contractual remedies the claims seek to forestall.

Plaintiffs thus seek to accelerate the discovery process in support of the single cause of action this Court has not yet addressed in any way, and which is subject to a substantial motion to dismiss on the grounds that (i) there is no actual controversy for the Court to decide, because Plaintiffs' argument regarding the loan balance is based on an obvious misreading of federal tax law, and (ii) the Court should in any event exercise its discretion not to adjudicate the claim because, *inter alia*, it was manufactured to make this Court the arbiter of issues that should be decided in the State courts chosen by the parties. Plaintiffs also fail to support their request for a Rule 16 conference with any specific explanation of what discovery they would seek, or even believe they need, in support of their declaratory judgment claim.

For these reasons, we respectfully submit that the Court should deny Plaintiffs' request and schedule a Rule 16 conference, if necessary, after the Court has issued a decision on AFC's pending Motion.

Thank you for your consideration of this submission.

Respectfully submitted,

Kevin H. Marino

cc: All counsel of record

---

[1] Those claims seek to bar AFC from exercising its remedies upon a default and do not implicate the question of what the loan balance is. Plaintiffs sought to inject that question into the case by adding a declaratory judgment cause of action to the amended complaint they filed subsequent to the Court's preliminary injunction decision.