

A Massachusetts Limited Liability Partnership

*Michael B. Homer, Esq.\**
*Jamie Hoxie Solano, Esq.*
*Constantine Economides, Esq.\**

**November 18, 2025**

<u>**VIA ECF**</u>
The Honorable Zahid N. Quraishi
United States District Judge
The Honorable J. Brendan Day
United States Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    **Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al.,
Case No. 3:25-cv-2789,
<u>Request for Discovery in Light of AFC's Recent Discovery Efforts</u>**

Your Honors:

      Plaintiffs, Hayden Gateway LLC ("Hayden"), Bloc Dispensary LLC ("Bloc"), and JG HoldCo LLC ("JG HoldCo") (collectively, "Plaintiffs"), respectfully submit this letter to update the Court on AFC's recent efforts to proceed forward with discovery in the two other related lawsuits involving the same facts at issue in this dispute. In short, after contesting discovery in this case, AFC has now successfully demanded to proceed forward with discovery in both related cases with nearly identical overlapping claims (and notwithstanding motions to dismiss pending in all three cases). In light of AFC's decision that discovery is appropriate on these issues, we respectfully renew our request that Plaintiffs be permitted to proceed forward with discovery here.

      As the Court is aware, Plaintiffs have successfully shown a likelihood of success on the merits of their breach of contract claim and their implied covenant of good faith and fair dealing claim. Both of these claims address AFC's improper actions in light of the fact that Plaintiffs are not and have not been in default of their loan obligations. As Judge Quraishi declared on May 9, 2025 following the preliminary injunction hearing, as of May 9, 2025, "Plaintiffs are not in breach or default of the parties' Credit Agreement and 2024 Forbearance Agreement." ECF No. 47.

      Notwithstanding this Court's order that AFC not "seek[ ] any remedy for default" in connection with several theories of default that AFC asserted but did not successfully prove, AFC has continued forward with its lawsuit in New York Supreme Court's Commercial Division, *AFC Agent LLC v. JG HoldCo LLC,* Case No. 652644/2025, Commercial Division (Borrok, J.) (the "New York State case"). This is the lawsuit that AFC filed after Plaintiffs initiated this lawsuit, the filing of which prompted Judge Quraishi to issue an order to show cause and order AFC to send the TRO and hearing transcript to the judge presiding

*\*Not admitted to practice in New Jersey, admitted in this case pro hac vice*

**Boston      Miami      New York      New Jersey**

The Honorable Zahid N. Quraishi
The Honorable J. Brendan Day
November 18, 2025
Page 2 of 3

over that case. The New York State case seeks to enforce the corporate guarantee arising out of the very same loan that Judge Quraishi has since held is not in default, on the theory that Plaintiffs are actually in default. There is a motion to dismiss pending in that case, but on October 27, 2025, at AFC's insistence, the New York State Court permitted discovery to proceed forward. Document production is due by January 8, 2026, and all fact discovery is to be completed by May 4, 2026.  AFC has propounded discovery requests and the parties are engaged in discovery regarding whether Plaintiffs are in default of their loan obligations and the appropriate measure of damages in the event that they defaulted.  The discovery regarding purported defaults overlaps with the breach of contract and implied covenant claims and the damages discovery will need to address the amount of damages due under the loan if there was a default.

The second related case in which AFC is moving forward with discovery is *AFC v. Kanovitz,* 25-CV-2996 (S.D.N.Y) (the "SDNY case") the lawsuit in which AFC alleges that the cannabis companies' two owners are liable for causing the company to breach the loan. That case also has pending a motion to dismiss and a motion to transfer the case to the District of New Jersey.  Yet on October 22, 2025, AFC propounded interrogatories and document production requests seeking, *inter alia*, "[a]ll Documents and Communications related to potential or actual Defaults or Events of Default under the Credit Agreement," and "[a]ll Documents and Communications between Kanovitz and Loevy relating to the management of Hayden Manager LLC or the JG Borrowers, or to the Credit Agreement, the September 2023 Forbearance Agreement, or the March 2024 Forbearance Agreement." *See* Ex. 1 (AFC Document Production Requests).  This discovery overlaps significantly with the discovery relevant to this case.

In sum, after succeeding in halting discovery in this case (where the motion to dismiss has little realistic chance of success, given the order on the TRO), AFC has spoken out of the other side of its mouth and is proceeding forward with discovery regarding the same loan, parties, and issues in dispute.  These other cases seek to hold the company's (a) owners and (b) corporate parent liable for causing a loan to be in breach and for the damages caused by that alleged breach.

Plaintiffs have attempted to meet and confer with Defendants to understand their contradictory positions on discovery. On November 10, 2025, counsel for Plaintiffs reached out to defense counsel seeking clarity on the inconsistent positions AFC has taken in the SDNY case, the New York State case, and in this case. After much back and forth, on November 13, 2025, AFC finally explained that they "disagree with the premise that discovery should proceed in the DNJ case because we are unwilling to agree to stay discovery in the SDNY case" (and, presumably, the New York State case). In response to Plaintiffs' question as to how AFC could take such an inconsistent position in the three different cases (especially regarding the two overlapping claims Plaintiffs have already succeeded at a preliminary injunction hearing), AFC referred to "different discovery practices" and the incorrect proposition that Plaintiffs sought discovery in this case only as to the pending declaratory judgment claim. *See* Ex. 2 (AFC's explanation of its inconsistent discovery positions).

**Boston        Miami        New York        New Jersey**

The Honorable Zahid N. Quraishi
The Honorable J. Brendan Day
November 18, 2025
Page 3 of 3

As Plaintiffs have explained to AFC, they did not solely seek discovery on the declaratory judgment claim; Plaintiffs sought an initial discovery conference so discovery could proceed forward in this case. *See* ECF No. 98 (requesting the Court schedule a Rule 16 conference to commence discovery, among other reasons "in light of Judge Quraishi's determination that at least two of Plaintiffs' claims will likely succeed on the merits"). Any confusion on that point was addressed at the conference with Judge Day.

It appears that AFC is trying to race forward with discovery in the two New York cases in the hopes that it will receive more favorable determinations in those cases before the same overlapping issues are ripe before this Court.

In light of AFC's recent actions moving discovery forward on the issues pertinent in this case, Plaintiffs respectfully request that the Court allow discovery to commence here, at a minimum, on the two contract-related claims.

Respectfully submitted,

**DYNAMIS LLP**

By: *s/ Jamie Hoxie Solano*
Jamie Hoxie Solano, Esq.
NJ Bar No. 426422024
Michael B. Homer, Esq.
Constantine Economides, Esq.
200 Connell Drive
Berkeley Heights, NJ 07922
973-295-5495
JSolano@dynamisllp.com
MHomer@dynamisllp.com
CEconomides@dynamisllp.com