MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
———
EREZ J. DAVY*
MICHAEL J. FLYNN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

875 THIRD AVENUE, 21ST FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE (212) 864-7200
e-mail: kmarino@khmarino.com
*OF COUNSEL

November 19, 2025

**VIA ECF**

Hon. Zahid N. Quraishi, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 7E
Trenton, NJ 08608

Re:   *Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al.*,
      Case No. 3:25-cv-02789-ZNQ-JBD

Dear Judge Quraishi and Judge Day:

   We write on behalf of Defendants ("AFC") in response to the November 18, 2025 letter from Plaintiffs Hayden Gateway LLC, Bloc Dispensary LLC and JG HoldCo LLC. [ECF No. 106.] Plaintiffs' letter is an untimely and baseless request to reconsider the Court's early-October decision to hold discovery in this case in abeyance until the Court decides whether to dismiss Plaintiffs' declaratory judgment claim. For the reasons set forth below, Plaintiffs' request should be denied.

   On September 25, 2025, more than five months after filing their Complaint and more than two months after filing their Amended Complaint, Plaintiffs asked the Court to schedule a Rule 16 conference to discuss the commencement of discovery. [ECF No. 98.] Plaintiffs noted in their letter that AFC had filed a motion to dismiss and that "it often makes sense to wait until resolution of a motion to dismiss before commencing discovery." Nonetheless, they argued that discovery should proceed because (a) the declaratory judgment claim in their Amended Complaint disputed the outstanding balance on their loan from Plaintiffs; and (b) they need to resolve that dispute so they can refinance the loan before it matures in May 2026. *Id.* AFC opposed Plaintiffs' request, explaining that the declaratory judgment claim was likely to be dismissed and that Plaintiffs had in any event failed to articulate what discovery they needed for that claim. [ECF No. 99.]

   On October 9, 2025, the parties appeared for a videoconference before Judge Day. Rejecting Plaintiffs' belated attempt to argue that discovery should proceed on all their claims, Judge Day pressed them to explain why discovery on their declaratory judgment claim should go forward. After hearing argument, Judge Day concluded that the Court should prioritize deciding the portion of AFC's motion to dismiss that related to Plaintiffs' declaratory judgment claim and that a discovery conference should await that decision. Plaintiffs now suggest that the Court should reconsider that ruling because discovery is proceeding in an action in New York State Supreme Court ("NYS Action") and an action in the U.S. District Court for the Southern District of New

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Hon. Zahid N. Quraishi, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.
November 19, 2025 – Page 2

York ("SDNY Action," and with the NYS Action, the "New York Actions")[1] in which AFC seeks to enforce guarantee obligations relating to the loan at issue here and to hold Defendants' owners responsible for misconduct in connection with the loan. That request is misplaced.

*First*, that discovery is proceeding in the New York cases is not a recent development that warrants revisiting the Court's October 9 ruling. Justice Andrew Borrok, who presides over the New York Action, *sua sponte* issued a discovery schedule for that case on August 8, 2025, two full months *before* the October 9 teleconference before Judge Day. On September 8, 2025, in accordance with that schedule, AFC and JG HoldCo served document demands and interrogatories on each other. That same day, JG HoldCo wrote to Justice Borrok to request permission to move for a stay of discovery. *See* Ex. A. Justice Borrok granted permission two days later, September 10, but he implied that a stay motion would be a waste of time, *id.*, and JG HoldCo elected not to proceed. *Id.* On October 8, 2025, *i.e.*, the day before the October 9 teleconference, each side served responses and objections to the other's discovery.

In the SDNY Action, Judge Kevin Castel held a conference on June 9, 2025, at which he granted AFC permission to file an amended complaint, directed the parties to submit pre-motion letters regarding defendants' proposed motion to dismiss by July 9, 2025, and ordered that "[d]iscovery is stayed until July 9, 2025." *See* Ex. B. On July 10, 2025, the court gave defendants permission to file their motion but did not extend the stay of discovery, which had expired the previous day. Defendants did not seek a renewed stay, and discovery in the SDNY Action was, therefore, not stayed when Plaintiffs appeared before this Court on October 9.

Accordingly, JG HoldCo's assertion that discovery proceedings in the New York and SDNY Actions constitutes changed circumstances at all—much less could warrant reconsideration of the Court's discovery ruling—is completely without merit.

*Second*, Plaintiffs fail to offer any reasoned explanation as to why the fact that discovery is proceeding in the New York Actions justifies asking this Court to reverse its earlier decision to hold discovery here in abeyance. AFC served document demands and interrogatories in the SDNY Action on October 22, 2025. Almost three weeks later, on November 10, 2025, defendants' counsel in the SDNY Action, who also represent Plaintiffs in this action, requested to meet and confer about a proposed motion to stay discovery in the SDNY Action. *See* Ex. 2 to Plaintiffs' 11/18/25 Ltr. at 11 [ECF No. 106-2]. When asked to explain the basis for that proposed motion, counsel said only that it was "inconsistent" for discovery to proceed in the SDNY Action but not

---

[1] The NYS Action is *AFC Agent LLC v. JG HoldCo LLC*, Index No. 652644/2025 (Supr. Ct. N.Y. Cnty.), and the SDNY Action is *Advanced Flower Capital Inc. v. Kanovitz*, 1:25-cv-02996-PKC (S.D.N.Y.).

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Hon. Zahid N. Quraishi, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.
November 19, 2025 – Page 3

to proceed in this one. *Id.* Pressed to explain why any such purported inconsistency justifies a stay of discovery in the SDNY Action, counsel had no answer.[2]

The question remains unanswered in Plaintiffs' letter to this Court. Plaintiffs simply assert there are overlapping issues among the various cases and presume that, for that reason, the cases must proceed exactly in parallel. They cite no authority for that proposition, and we are aware of none. The cases are pending in different forums, with different discovery rules and practices. Applying those rules and practices, this Court decided that discovery should be paused notwithstanding Plaintiffs' arguments to the contrary; the New York Supreme Court decided that discovery should go forward notwithstanding a suggestion by JG HoldCo that it be stayed; and the Southern District of New York allowed a short stay of discovery to expire (and Plaintiffs in the SDNY Action never sought to extend it). There is no inconsistency or impropriety in any of that.

***Third***, Plaintiffs do not offer any convincing argument as to why they are unfairly prejudiced by the status quo. This Court has stated that it will prioritize a decision on AFC's motion to dismiss Plaintiffs' declaratory judgment claim and has indicated that, if the claim is not dismissed, discovery on it will move quickly. As AFC pointed out in earlier submissions to the Court, Plaintiffs have never offered any argument that there is a need to commence discovery on their other claims prior to the decision on AFC's MTD, nor can they since the Court's preliminary injunction bars AFC from exercising the contractual remedies those other claims seek to forestall. And to the extent any discovery taken in the New York cases is relevant in this action, it is likely the relevant parties will agree it can be used here as well to avoid inefficiency.

The only prejudice Plaintiffs raise is a tactical concern (again, based on facts available on October 9) that "AFC is trying to race forward with discovery in the two New York cases in the hopes that it will receive more favorable determinations in those cases before the same overlapping issues are ripe before this court." 11/18/25 Ltr. at 3 [ECF No. 106]. Plaintiffs do not specify what overlapping issues they are concerned about having decided somewhere other than in this Court. But in any case, the fact that a New York state or federal court might reach an issue before this Court does not raise the prospect of unfair prejudice. Additionally, regardless of how discovery proceeds, there can be no telling when and in what order any of the courts in these cases will resolve any given issue.

\*   \*   \*

For the foregoing reasons, AFC respectfully submits that the Court should decline Plaintiffs' belated request to revisit its decision to hold discovery in abeyance pending a decision on AFC's motion to dismiss Plaintiffs' declaratory judgment claim.

---

[2] Counsel appears to have dropped the idea of seeking a stay of discovery in the SDNY action and pivoted to asking this Court to permit discovery to go forward in this action.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Hon. Zahid N. Quraishi, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.
November 19, 2025 – Page 4

    Thank you for your consideration of this submission.

                                      Respectfully submitted,

                                      Kevin H. Marino

cc:  All counsel of record