# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Hayden Gateway LLC, Bloc Dispensary LLC, and JG HoldCo LLC, | Case No. 3:25-cv-02789 |
| Plaintiffs, | Hon. J. Brendan Day |
| v. | **JOINT PROPOSED DISCOVERY PLAN** |
| Advanced Flower Capital Inc., and AFC Agent LLC, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and Local Civil Rule 26.1(b), counsel for Plaintiffs Hayden Gateway LLC, Bloc Dispensary LLC, and JG HoldCo LLC (collectively, "Plaintiffs"), and counsel for Defendants Advanced Flower Capital Inc., and AFC Agent LLC (collectively, "Defendants") respectfully submit this Joint Discovery Plan.

1. **Set forth the name of each attorney appearing, the firm name, address and telephone and facsimile numbers of each, designating the party represented.**

<u>For Plaintiffs</u>

DYNAMIS LLP
Jamie Hoxie Solano
Phone: (973) 295-5495
200 Connell Drive
Berkeley Heights, New Jersey 07922

Michael Homer
(617) 693-9732
Constantine Economides
(305) 985-2959
Eric Rosen
(617) 802-9157
175 Federal Street, Suite 1200
Boston, MA 02110

1

For Defendants

Kevin H. Marino
John D. Tortorella
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, NJ 07928-1488
(973) 824-9300

OF COUNSEL:
Kevin Reed (*pro hac vice*)
Jacob J. Waldman (*pro hac vice pending*)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Jason Sternberg (*pro hac vice*)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2601 S. Bayshore Dr., Suite 1500
Miami, FL 33133
(786) 850-3607

**2. Set forth a brief description of the case, including the causes of action and defenses asserted.**

Plaintiffs' statement: Plaintiffs have brought four causes of action related to Defendants' wrongful actions in connection with a loan Defendants have entered into with Plaintiffs (the "Loan"). They are: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) relief under section 9-625 of the New York UCC; and (4) declaratory judgment claim regarding Defendants' purported REIT status and the outstanding loan balance.

With respect to the declaratory judgment claim, Plaintiffs contend that, throughout the Loan's lifetime, AFC has held itself out as a tax-exempt real estate investment trust ("REIT"), even though AFC Plaintiffs now allege that AFC does not comply with the rules applicable to REITs, despite representations to the Internal Revenue Service ("IRS") and AFC's shareholders. As a result, and under the parties' loan agreement, the payments Plaintiffs had made in connection with the loan are required to be deducted from the principal due as opposed to being treated as interest payments in order for AFC to be in compliance with laws applicable to REITs. Under Section 2.5(f) of the operative Credit Agreement for the Loan, if a court determines that the manner of interest payment exceeds what is legally permitted under any applicable law, any excess payments must be reclassified to reduce the principal balance due under the Loan.

Because the Loan is due in May 2026 and the parties disagree on how much money is owed, Plaintiffs allege this dispute threatens their ability to secure alternate financing.

<u>Defendants' statement</u>: Defendants deny Plaintiffs' allegations and assert that Plaintiffs' four claims lack merit. With respect to Plaintiffs' declaratory judgment claim, Defendants have at all times complied with applicable REIT tax requirements, and Plaintiffs' unsupported arguments to the contrary are based on a fundamental misunderstanding of REIT tax regulations. Moreover, Plaintiffs' interpretation of Section 2.5(f) of the Credit Agreement is erroneous. Section 2.5(f) is a standard usury provision designed to address situations where interest charged under a loan exceeds the maximum rate permitted by applicable usury or similar laws. No provision of the Internal Revenue Code or any other applicable law—including any usury statute—imposes a maximum on the interest that AFC may lawfully collect from Plaintiffs under the Credit Agreement. REIT tax provisions merely establish conditions for favorable tax treatment; they do not limit the interest a lender may charge or collect. Plaintiffs' assertion that past interest payments must be recharacterized as principal payments lacks any legal foundation and represents an improper attempt to rewrite the parties' Agreement and reduce their repayment obligations. Plaintiffs' invocation of the federal tax code thus fails to raise an actual controversy regarding the loan balance, nor do Plaintiffs otherwise allege any such actual controversy.

Finally, Defendants note that they intend to file counterclaims alleging breaches of the applicable agreements and ongoing defaults by Plaintiffs.

3. **Have settlement discussions taken place?**

The parties have not engaged in settlement discussions since the filing of this action.

   a. **What was plaintiff's last demand?**
      i. Monetary demand: _____.
      ii. Non-Monetary demand: _____.
   b. **What was defendant's last offer?**
      i. Monetary Offer: _____.
      ii. Non-monetary Offer: _____/

4. **RULE 26(f) CONFERENCE: The parties have not met pursuant to Fed. R. Civ. P. 26(f).**

5. **FED R. CIV. P. 26(a)(1) INITIAL DISCLOSURES:** The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). **If not, state the reason therefor:**

The parties have not exchanged initial disclosures following the Court's resolution of the motion to dismiss but intend to do so promptly and are conferring about a deadline.

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

N/A

7.  **The parties have not filed disclosures of third-party litigation funding, pursuant to Local Civil Rule 7.1.1.**

8.  **The parties have not yet conducted discovery other than the above disclosures. If so, describe.**

    The parties have exchanged a limited number of exhibits in connection with the earlier preliminary injunction hearing.

9.  **Proposed joint discovery plan:**

    Plaintiffs seek to proceed forward with an expedited schedule on Plaintiffs' declaratory judgment claim so a decision on the loan balance can be reached before the Loan's maturity in May 2026. Defendants do not oppose an expedited schedule in light of the Court's ruling on Defendants' Motion to Dismiss.

    To that end, the parties propose moving forward with discovery and expedited measures on the declaratory judgment claim while staying discovery and related deadlines for Plaintiffs' other three claims and any counterclaims Defendants assert. We propose entering into a schedule for discovery and deadlines on the related claims following resolution of the declaratory judgment claim given the impending May 2026 loan maturity deadline.

    For the declaratory judgment claim, Plaintiffs believe that they need discovery pertaining to Defendants' REIT status, including the assets in its portfolio and valuations regarding the same. Defendants will confer with Plaintiffs in good faith about the scope of proportional discovery on disputed and relevant REIT issues.

    Pending the Court's order granting the same, the parties have agreed that to Defendants having until December 22, 2025 to serve their Answer and affirmative defenses to the Complaint. Plaintiffs have also agreed not to oppose Defendants' request that counterclaims (which Defendants anticipate addressing breaches of the applicable agreements and defaults, but which will not relate to the REIT-specific allegations or expedited discovery) will be filed no later than January 12.

    The parties have the following proposals for an expedited track for discovery and resolution of the declaratory judgment claim:

Plaintiffs' Proposal

Given the value to both sides in having a resolution prior to May 2026, and the complexity and magnitude of the necessary discovery, there is a lot to be done in a short period of time. To that end, Plaintiffs propose the following:

Fed. R. Civ. P. 26 disclosures and e-discovery conference to be completed before December 22, 2025

Service of initial written discovery can begin immediately.

Parties agree to respond to discovery requests within 14 days. Rolling production of documents to begin the date responses and objections are due, with complete production substantially complete within 10 days thereafter.

Both parties will agree not to propound more than 10 document production requests or interrogatories at a time. Total number of interrogatories cannot exceed 25, and document production requests cannot exceed 30.

Each side can take up to five fact depositions.

Simultaneous Expert disclosures due January 26, 2026.

Time period for discovery on the declaratory judgment claim ends on February 4, 2026.

Opening Summary Judgment Briefs due February 24, 2026.

Responses due March 3, 2026.

Replies due March 9, 2026.

Plaintiffs request an early April 2026 trial date.

Defendant's Proposal

December 17, 2025: Parties shall serve Requests for Production and Interrogatories, which shall be limited to 15 Requests for Production and 10 Interrogatories absent agreement or leave of Court. The parties may request production of documents from up to three documents custodians per side.

December 29, 2025: Parties shall serve Responses and Objections to Requests for Production and Interrogatories.

January 19, 2026: Parties shall substantially complete production of documents that were requested no later than December 17, 2025.

February 9, 2026: Parties shall complete fact depositions, which shall be limited to three fact depositions per side, absent agreement or leave of Court.

February 9, 2026: Parties shall serve expert disclosures on issues on which the parties have the burden of proof.

February 19, 2026: Parties shall serve rebuttal expert disclosures.

February 27, 2026:  Parties shall serve and file opening summary judgment briefs

March 11, 2026:Parties shall serve oppositions to motions for summary judgment.

March 18, 2026:  Parties shall serve reply briefs in support of summary judgment motions.

April 20, 2026:  Trial shall begin if necessary (or on a date convenient to the Court).

    a. **A pretrial conference is scheduled to take place on <u>December 22, 2025 at 10:00 AM in Trenton – Courtroom 7E.</u>**

    b. **Trial date: (<u>XX </u>Jury Trial; \_\_\_ Non-Jury Trial)**

    Plaintiffs respectfully request a trial date at the beginning of April 2026 to adjudicate expeditiously Plaintiffs' declaratory judgment claim to resolve the loan balance before its May 2026 deadline.

    Defendants reserve all rights regarding Plaintiffs' jury demand, including whether Plaintiffs are entitled to a jury trial on their claims.

**10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

No.

**11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

We do not anticipate any issues at this time.

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

**12. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L. Civ. R. 5.3(b) and Appendix S:**

Yes, the parties anticipate entering into a confidentiality order and anticipate having a draft prior to the December 22, 2025 scheduling conference.

**13. Do you anticipate any discovery problems not listed above? If so, describe:**

**14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The parties do not think that arbitration or mediation will be successful at this time.

**15. Is this case appropriate for bifurcation? [Yes/No]**

Yes, as discussed above.

**16. An interim status/settlement conference (with clients in attendance) should be held on _____.**

**17. The parties do not consent to the trial being conducted by a Magistrate Judge.**

**18. Identify any other issues to address at the Rule 16 Scheduling Conference.**

The parties have not identified any other issues.

**SIGNED:**

December 6, 2025

| | |
|---|---|
| **DYNAMIS LLP** | **MARINO, TORTORELLA & BOYLE, P.C.** |
| By: *Jamie Hoxie Solano* | By: */s/ Kevin H. Marino* |
| Jamie Hoxie Solano | Kevin H. Marino |
| Phone: (973) 295-5495 | John D. Tortorella |
| 200 Connell Drive | John A. Boyle |
| Berkeley Heights, New Jersey 07922 | 437 Southern Boulevard |
| | Chatham, NJ 07928-1488 |
| Michael Homer | Telephone: (973) 824-9300 |
| (617) 693-9732 | Facsimile: (973) 824-8425 |
| Constantine Economides | kmarino@khmarino.com |
| (305) 985-2959 | jtortorella@khmarino.com |
| Eric Rosen | jboyle@khmarino.com |
| (617) 802-9157 | |
| 175 Federal Street, Suite 1200 | **QUINN EMANUEL URQUHART &** |
| Boston, MA 02110 | **SULLIVAN, LLP** |
| | |
| *Counsel to Plaintiffs* | Kevin S. Reed (*pro hac vice*) |

        Jacob J. Waldman (*pro hac vice*)
        295 Fifth Avenue
        New York, NY 10016
        Telephone:  (212) 849-7000
        Facsimile:   (212) 849-7100
        kevinreed@quinnemanuel.com
        jacobwaldman@quinnemanuel.com

        Jason Sternberg (*pro hac vice*)
        2601 S. Bayshore Dr., Suite 1500
        Miami, FL 33133
        Telephone: (786) 850-3607
        Facsimile: (305) 901-2975
        jasonsternberg@quinnemanuel.com

        *Attorneys for Defendants Advanced Flower*
        *Capital Inc. and AFC Agent LLC*