**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

<table>
<tr><td><b>CHAMBERS OF</b><br><b>ZAHID N. QURAISHI</b><br><b>UNITED STATES DISTRICT JUDGE</b></td><td><b>U.S. COURTHOUSE</b><br><b>402 EAST STATE STREET, ROOM 4000</b><br><b>TRENTON, NJ 08608</b></td></tr>
</table>

April 30, 2026

**LETTER ORDER**

Re:     **HAYDEN GATEWAY LLC,** *et al.* **v. ADVANCED FLOWER CAPITAL INC.,** *et al.*,
        **Civil Action No. 25-2789 (ZNQ) (JBD)**

Dear Counsel:

**THIS MATTER** comes before the Court upon: (1) Defendants Advanced Flower Capital Inc. and AFC Agent LLC's (collectively, "Defendants") Motion on Short Notice for Clarification of the Preliminary Injunction Order (the "Motion for Clarification," ECF No. 135); and (2) Plaintiffs Hayden Gateway LLC, Bloc Dispensary LLC, and JG HoldCo LLC's (collectively, "Plaintiffs") Cross-Motion to Stay Proceedings Pending Third Circuit Decision Regarding Illegality (the "Cross-Motion to Stay," ECF No. 137). The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** the Motion for Clarification and the Cross-Motion to Stay.

## I.     BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motions. For a comprehensive review of the factual and procedural history, reference is made to *Hayden Gateway LLC v. Advanced Flower Capital*, Civ. No. 25-2789, 2025 WL 3314471, at \*1–3 (D.N.J. Nov. 29, 2025).

Plaintiffs are cannabis businesses operating in New Jersey and Pennsylvania. (Am. Compl. ¶ 1.) In 2021, Defendants lent money to Plaintiffs to finance the build-out and operation of Plaintiffs' cannabis operations. (*Id.* ¶ 28.)

Plaintiffs and several other entities entered into the Second Amended & Restated Credit Agreement with Defendants on September 30, 2021 (the "Credit Agreement"). (*See* Motion to Clarify Br. at 2.) The Credit Agreement has a fixed maturity date of May 1, 2026, on which date all outstanding principal, accrued interest, and other obligations become due and payable in full. (*See id.*)

On May 9, 2025, following an evidentiary hearing, this Court issued an Opinion and Preliminary Injunction Order (the "PI Order"). (*See* ECF No. 47.) The Court specifically enjoined Defendants from seizing any of Plaintiffs' assets or cash or seeking any remedy for

1

default that is inconsistent with several oral agreements made between the parties or on the basis that Plaintiffs failed to obtain a final certificate of occupancy for its Ewing facility.   (*See id.*)   The PI Order is silent as to the Credit Agreement's maturity date or any party's rights upon maturity and failure to repay because the parties did not bring that issue to the Court's attention.

## II.    MOTION TO CLARIFY

Defendants' Motion to Clarify asks this Court to "confirm that the PI Order does not limit [Defendants'] right to exercise its contractual rights and remedies if Plaintiffs fail to pay their loan in full when the loan matures."   (Motion to Clarify Br. at 1.)   The Credit Agreement matures on May 1, 2026.   (*Id.*)   Defendants' request is denied.

Normally, "[u]nder [Rule] 65, when a Court issues an 'order involving injunctive relief . . . prior to the entry of a final judgment[,] . . . an appeal from the grant or denial of [the] preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending." *N.J. Sports Prods. v. Don King Prods.*, 15 F. Supp. 2d 546, 550 (D.N.J. 1998) (alterations in original).   However, here, the subject of the appeal to the Third Circuit—an appeal Defendants sought—is the PI Order itself.   "'The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"   *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Defendants' Motion to Clarify is tantamount to a motion to amend an Order.   Defendants are not asking this Court to maintain the status quo—they are requesting a new interpretation. This Court, however, lacks jurisdiction to alter an order pertaining to the very same order that is currently before the Third Circuit on appeal.[1]   *See Sheet Metal Workers' Int'l. Ass'n Local 19*, 198 F.3d at 394.   As such, Defendants' Motion to Clarify will be **DENIED**.

## III.    CROSS-MOTION TO STAY

In response to Defendants' Motion to Clarify, Plaintiffs also cross-move to stay the case until the Third Circuit issues its decision.   This Court agrees with Plaintiffs that proceeding with this case without guidance from the Third Circuit as to the legality of the Credit Agreement "potentially wastes judicial resources[ and] interferes with the Third Circuit's jurisdiction."   (*See* Cross-Motion to Stay Br. at 16.)   However, the arguments the parties made before the Third Circuit—as to whether the Credit Agreement can even be enforced due to various illegality and severability issues—were not made before this Court.   It makes little sense to stay this matter in this Court based on arguments that this Court has not heard.[2]   As such, Plaintiffs' Cross-Motion to Stay will be **DENIED**.

---

[1] At oral argument before the Third Circuit, the Third Circuit panel focused on the doctrine of illegality and whether a federal court can issue relief that effectively approves a violation of the Controlled Substances Act.   Interestingly, Defendants argued that this Court's PI Order "gives a stamp of judicial approval on illegal activity."   (*See* Ex. 1 to Declaration of Jamie Hoxie Solano (Third Circuit Transcript) at 30:12-15.)   The Court is unsure why Defendants would request this Court modify its PI Order while at the same time arguing that it enables illegal activity.

[2] To the extent Plaintiffs seek a stay of this matter based on proceedings before the Third Circuit, the undersigned respectfully submits that relief is better sought from the Circuit.

## IV.    CONCLUSION

For the reasons set forth above, the Motion for Clarification (ECF No. 135) and the Cross-Motion to Stay (ECF No. 137) are hereby **DENIED**.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**