DYNAMIS LLP
A Massachusetts Limited Liability Partnership

*Michael B. Homer, Esq.**
*Jamie Hoxie Solano, Esq.*

**September 28, 2026**

**VIA ECF**
The Honorable J. Brendan Day
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al., Case No. 3:25-cv-2789, Request to Resume Discovery**

Dear Judge Day,

Plaintiffs respectfully submit this letter to request that Plaintiffs be permitted to resume discovery in this matter for the three counts that have been pending in this case since April 2025.

For over a year and a half, Defendants have successfully avoided discovery on three claims regarding their bad actions against Plaintiffs, the damages from which continue to present day. This is notwithstanding that Plaintiffs established almost immediately a likelihood of success on the merits of their claims and have even survived Defendants' motion to dismiss. *See* Dkt. 109. While the parties agreed to a stay to prioritize Plaintiffs' time-sensitive REIT claim, that claim is now resolved, there are no pending motions to dispose of Plaintiffs' three remaining claims, and so, discovery should be next. "Having filed their complaint plaintiffs have a right to move forward." *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (citation omitted).

During the Court's case management conference, the Court asked what has changed since Plaintiff requested a stay (which, again, was denied). What has changed is that Defendants have engaged in litigation tactics (1) to stop Plaintiffs from being able to prosecute their claims while Defendants are permitted to move forward with their own claims, and (2) to try to avoid having this Court or the Third Circuit render judgments about Defendants' misconduct, and instead have a state court judge address the issues. Both of these changed circumstances render a continued stay of Plaintiffs' claims in this case highly inequitable. In other words, while pausing this proceeding to wait for the Third Circuit did not prejudice Plaintiffs, Defendants' actions have now changed the landscape considerably, such that a continued stay will prejudice Plaintiffs.

Specifically, Defendants ran to Florida state court and urged the court there to *stay* Plaintiffs' claims in that case until the claims in this case have been adjudicated. In other words, a stay of this case not only affects these claims in this case, but now also affects Plaintiffs' ability to obtain relief in its Florida case. Defendants should not be permitted to ask for a stay in Plaintiffs' Florida case (on the basis that the first-filed New Jersey litigation should proceed), obtain Plaintiffs' consent to that stay, and then oppose lifting the stay here, thereby ensuring that neither case is ever litigated. Defendants should thus be judicially estopped from opposing the continued stay of discovery. *See, e.g.*, *Wells Fargo Bank, N.A. v. Sokaogon Chippewa Cmty.*, 787 F. Supp. 2d 867, 877 (E.D. Wis.

**Not admitted to practice in New Jersey, admitted in this case pro hac vice*

2011) ("Having successfully convinced the state court that the case belonged in federal court, and having induced [the opposing party] to acquiesce, the defendants should not be heard to now argue that the federal court should abstain from deciding it."); *HighQBPO, LLC v. U.S.*, 84 Fed. Cl. 360, 363-65 (Fed. Cl. 2008) (judicially estopping plaintiff from arguing against a stay in the Court of Federal Claims, which would have stayed the Federal Claims matter pending the resolution of a parallel criminal investigation, after the same plaintiff had previously argued in favor of a stay pending resolution of the criminal matter in two other parallel civil cases).

Defendants have also now brought their own claims in state court in Mercer County Chancery Court, which they are moving forward quickly to ensure that their claims can be heard in that court before Plaintiffs can adjudicate their own claims in this Court. This is all notwithstanding that this Court is the first-filed action and this Court is the most familiar with the parties' dispute because this Court presided over an evidentiary preliminary injunction hearing. Defendants are essentially hoping to achieve preclusive findings first in another forum because they do not like the results they have received here and before the Third Circuit. That is not an appropriate basis to permit a stay.

After Defendants unsuccessfully asked Judge Quraishi to bless their attempted foreclosure of Plaintiffs' New Jersey and Pennsylvania properties (Dkt. 135, 139), Defendants sued Plaintiffs in the Mercer County Court of Chancery in New Jersey Superior Court instead. *See Advanced Flower Capital, Inc. et al. v. Bloc Dispensary LLC, et al.*, No. MER-C-000037-26 (N.J. Sup. Ct., Ch. Div.) (the "Chancery Action"). In the Chancery Action, Defendants seek the same core relief that they discussed in the motion that Judge Quraishi denied: foreclosure upon Plaintiffs' businesses and properties. Defendants have taken several steps in that case that are completely at odds with their representations to the Third Circuit in this case, and are transparently trying to move that case forward so as to avoid an unfavorable decision by the Third Circuit. *See Hayden Gateway LLC et al. v. Advanced Flower Capital et al.*, No. 25-2061 (3d Cir.), at Dkts. 61 & 71.

Even though Defendants have appealed the issuance of the preliminary injunction and the Third Circuit is weighing whether Defendants can obtain relief from the courts for their agreements that violate federal law, it is appropriate for discovery to proceed on the claims that have been and remain active and pending. It is usually the case that the party bringing the appeal bears the burden of showing that a stay pending appeal is appropriate, and Courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Fresenius Kabi USA, LLC v. Fera Pharms., LLC*, 2017 WL 2213123, at *5-6 (D.N.J. May 19, 2017) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Defendants have not made that showing in this case. They have provided the Court with *nothing* to suggest they will successfully prevail before the Third Circuit, they have identified no irreparable injury, nor have they articulated how staying this case promotes a public interest. As outlined below, continuing to stay the case in the current juncture will substantially injure Plaintiffs and will bless Defendants' efforts to hijack and forum shop this dispute.

Courts have also weighed the following factors when determining whether to enter a stay pursuant to the Court's inherent power:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Fresenius*, 2017 WL 2213123, at *6 (citations omitted). Additionally, "[w]here a stay is sought pending resolution of purportedly related litigation, as here, courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action." *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (citations omitted).

Here, for the reasons outlined herein, continuing the stay would present a clear tactical disadvantage to Plaintiffs. Defendants would be permitted to run forward through state court to have this dispute heard there instead of in this first-filed action, and all while they are taking inconsistent positions in this case before the Third Circuit. Permitting a stay to continue will allow Defendants to have their day in Court while Plaintiffs' hands are tied both in this case and in Florida. There is no hardship or inequity if Defendants are required to move through discovery in this case, and discovery is obviously not complete.

The only argument Defendants have made about why Plaintiffs' claims should remain stayed, even though the REIT claim is now resolved and Judge Quraishi denied the request for a stay, is that it might be more efficient. As explained below, if Defendants had not run to Mercer County Chancery Court and tried to force this dispute to be resolved in state court, that argument might carry weight. But, notably, even efficiency is not an appropriate basis to stop Plaintiffs from being able to proceed forward with their claims. Indeed, it is well settled in this District that even filing dispositive motions does not present good cause to stay discovery. *See, e.g.*, *Gerald Chamales Corp. v. Oki Data Americas, Inc.,* 247 F.R.D. 453, 454 (D.N.J. 2007).

Defendants are attempting to prolong a stay far longer than its intended purpose: to permit expedited consideration of Plaintiffs' now disposed REIT claim. This Court should not ignore Judge Quraishi's order denying a stay now that Defendants want a stay because they have found a different forum where they want to address the issues raised in this case instead of here.

Continuing to stay this case in favor of Defendants' decision to engage in forum shopping in state court would be inequitable. This Court should not stop Plaintiffs from proceeding with their claims here (and in Florida), especially when this Court has found that Plaintiffs are likely to succeed on the merits. Plaintiffs respectfully request that this Court resume discovery in this litigation.

Respectfully submitted,

*s/ Jamie Hoxie Solano*
Jamie Hoxie Solano