DYNAMIS LLP
A Massachusetts Limited Liability Partnership

*Michael B. Homer, Esq.**
*Jamie Hoxie Solano, Esq.*

**October 2, 2026**

**VIA ECF**
The Honorable J. Brendan Day
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al., Case No. 3:25-cv-2789, Response to Defendants' Letter**

Dear Judge Day,

Plaintiffs respectfully submit this short letter to correct several falsehoods in the letter filed this afternoon by Defendants, which seeks an extension of AFC's deadline to oppose Plaintiffs' motion for leave to amend (Dkt. 150). Because the extension would prejudice Plaintiffs, we oppose.

First, and most gratuitously, Defendants' letter informs the Court that Plaintiffs "created an exigency where none should exist by waiting until noon today to oppose" Defendants' request for an extension. But Defendants did not ask Plaintiffs for consent to the extension *until last night* (a fact omitted from Defendants' letter). Defendants have been aware of Monday's deadline for nearly three weeks, and they agreed to this deadline during the September 14, 2026 conference with the Court. They have no one but themselves to blame for waiting until last night, after business hours, to request an extension. And Plaintiffs promptly responded at noon today. Their suggestion to the Court that Plaintiffs are at fault for Defendants' untimely motion is disingenuous at best.

Second, Defendant claim that an extension would not prejudice Plaintiffs. That is not true. As set forth in the proposed pleading, Defendants are unlawfully controlling Plaintiffs' bank accounts, and abusing that control to steal Plaintiffs' money and block critical payments. (*See* Dkt. 148-8 at 79-81). That is precisely why Plaintiffs informed Defendants that, although "we always aim to extend professional courtesies, we are not able to do so under the circumstances, as Plaintiffs are prejudiced by every additional day that Defendants unlawfully exercise control over Plaintiffs' bank accounts—including by refusing to allow Plaintiffs to pay their counsel's legal fees."

Third, Defendants argue there is no prejudice to Plaintiffs, because "Plaintiffs told the Court at the conference on September 14, 2026 that they would not seek injunctive relief, and their proposed amended complaint does not seek it either." (Dkt. 150). All of that is false. Although there was no transcript of the conference, counsel's recollection, confirmed by counsel's contemporaneous notes, indicate that Plaintiffs merely stated they did not intend to seek *emergent* injunctive relief, and that they had not yet decided whether to seek injunctive relief on their new claim. But Plaintiffs did decide to seek injunctive relief, as made clear in the proposed amended complaint, which asks the Court to "enjoin Defendants . . from seizing funds from Plaintiffs' accounts," along with a declaration that Defendants may no longer exercise control over those accounts. (Dkt. 148-8 (Proposed Second Amended Complaint) at 86 (Prayer for Relief).)

**Not admitted to practice in New Jersey, admitted in this case pro hac vice*

Finally, Defendants claim that the length of Plaintiffs' proposed amended pleading constitutes good cause for an extension. It does not. The proposed amended pleading adds only one new claim, and contains only seven pages of new allegations. The first 74 pages of this proposed Second Amended Complaint are nearly identical to the operative First Amended Complaint, which Defendants previously (and unsuccessfully) moved to dismiss.

In sum, Defendants agreed to the current briefing schedule during the September 14 conference with the Court nearly three weeks ago, the 10 days they were allotted to brief an opposition is more than sufficient to oppose the addition of only one new claim, and any extension would prejudice Plaintiffs, who are unable to pay their bills while Defendants unlawfully control their bank accounts. Plaintiffs therefore respectfully request that the Court deny Defendants' request for an extension.

Respectfully submitted,

*s/ Jamie Hoxie Solano*
Jamie Hoxie Solano