100 YEARS COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Michael R. Yellin
Member
Admitted in NJ, NY, and FL

Reply to New Jersey Office
Writer's Direct Line: 201.525.6258
Writer's E-Mail: MYellin@coleschotz.com

October 5, 2026

**VIA ECF**
Hon. J. Brendan Day, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: ***Hayden Gateway LLC, et al. v. AFC*, Case No. 3:25-cv-2789**

Dear Judge Day:

We write regarding Plaintiffs' request to lift the stay in this case and resume discovery on Counts I, II and III in the Amended Complaint. That request should be denied.

As an initial matter, Plaintiffs' suggestion that Defendants have "successfully avoided discovery" on Counts I through III is belied by the record in this case. ECF 149 at 1. The Court stayed discovery on those Counts on December 30, 2025, because Plaintiffs filed their REIT claim and insisted that it be tried on an expedited basis. *See* ECF 118. After the Court granted summary judgment in Defendants' favor on the REIT claim in late February 2026 (*see* ECF 133), Plaintiffs made no request to lift the stay during the ensuing six months. To the contrary, in April 2026, Plaintiffs argued that the stay should be maintained until the Third Circuit decides AFC's appeal of this Court's preliminary injunction. Plaintiffs urged that "[t]he Third Circuit's holdings may affect the procedural posture, applicable legal standards, need for an evidentiary hearing, or other material components of the litigation." ECF 137-1 at 16. Judge Quraishi agreed that "proceeding with this case without guidance from the Third Circuit as to the legality of the Credit Agreement 'potentially wastes judicial resources [and] interferes with the Third Circuit's jurisdiction.'"[1] ECF 139 at 2. The stay of this case, and its continuation, was thus of Plaintiffs' making, not Defendants'.

Even more absurd is Plaintiffs' claim that Defendants engaged in "litigation tactics" to prevent them from pursuing their claims and/or to avoid rulings from this Court or the Third

---

[1] Plaintiffs do not argue that this is no longer true, only that the stay is no longer to their tactical advantage.

Circuit. ECF 149 at 1. After Defendants' loan to Plaintiffs matured on May 1, 2026, AFC naturally and appropriately began the process of exercising its foreclosure rights. When Plaintiffs unlawfully interfered with that process, AFC filed an action in New Jersey state court, asserting state law claims, to stop that interference. Plaintiffs removed the case to this Court, but Judge Quraishi correctly determined that the foreclosure dispute was not properly before this Court and remanded the case back to the state court. ECF No. 25, *Advanced Flower Cap., Inc. v. Bloc Dispensary LLC*, No. 26-7332 (ZNQ) (JBD) (D.N.J. July 7, 2026).

Notably, Plaintiffs did not argue at that time that the claims or issues raised in the New Jersey state court action must be heard in this case—and no such argument could have been made. That action arises from Plaintiffs' failure to repay over $122 million due and owing on the loan when it matured on May 1, 2026, a default that post-dates the events pleaded in the Amended Complaint. Nor did Plaintiffs seek to lift the stay in this case. Instead, Plaintiffs made a tactical decision to take their claims to other courts. On March 26, 2026, Plaintiffs filed an action in Palm Beach County, Florida, against AFC and its officers and directors in which Plaintiffs asserted, *inter alia*, the same breach of contract and implied covenant claims stated in Counts I and II of the Amended Complaint here. Complaint, *JG Holdco LLC v. Tannenbaum*, No. 50-2026-CA-003465-XXXA-MB (Fla. 15th Cir. Ct. Mar. 26, 2026); ECF 77 at 70. They also filed counterclaims in the New Jersey state court action, including a claim under Sections 9-610 and 9-625 of the New York UCC seeking damages regarding the alleged seizure and sale of their assets, the same statutes they invoke in Count III of the Amended Complaint. *Advanced Flower Capital, Inc. v. Bloc Dispensary LLC*, No. MER-C-000037-26 (N.J. Super. Ct. Ch. Div. Sept. 4, 2026); ECF 77 at 70-71.

Plaintiffs' sudden desire to restart proceedings in this Court is a transparent effort at forum shopping, prompted by setbacks they suffered in the other courts where they are litigating. AFC responded to the action Plaintiffs filed in Florida with a motion to dismiss and, in the alternative, a motion to stay the case on the grounds that the claims Plaintiffs asserted were duplicative of claims they had asserted in this action and in a California action against Tim Bossidy. Memorandum of Law in Support of Motion to Dismiss, *JG Holdco LLC v. Tannenbaum*, No. 50-2026-CA-003465-XXXA-MB (Fla. 15th Cir. Ct. July 6, 2026). After reviewing both motions, Plaintiffs quickly concluded that rather than face the motion to dismiss in Florida, they preferred to take their chances in this Court. Accordingly, they offered to agree to a stay and, when AFC declined and told Plaintiffs it wanted its motion to dismiss the Florida action decided, Plaintiffs took the unusual step of asking the Florida court to stay their own case.[2] Pltfs' Consent to Defs' Motion to Stay, *JG Holdco LLC v. Tannenbaum*, No. 50-2026-

---

[2] Plaintiffs contend that AFC "obtain[ed] Plaintiffs' consent" to stay the Florida case and is now trying to stymie them by maintaining the stay in this case, too. ECF 149 at 1. That is a gross and deliberate mischaracterization. AFC moved to stay the Florida case only as an alternative to dismissing it. The motion was expressly titled, "Defendants' Motion To Stay In Alternative To Their Motion To Dismiss." And as explained above, AFC did not seek, much

CA-003465-XXXA-MB (Fla. 15th Cir. Ct. Aug. 31, 2026). Last week, the court refused to do that and ordered Plaintiffs to respond to AFC's motion to dismiss by October 5. Order, *JG Holdco LLC v. Tannenbaum*, No. 50-2026-CA-003465-XXXA-MB (Fla. 15th Cir. Ct. Sept. 25, 2026). In the New Jersey state action, the Honorable Jodi F. Bouer denied Plaintiffs' motion for a temporary restraining order to block AFC's foreclosure process after hearing argument from the parties and considering the terms of the parties' credit agreement. Ex. 2 (July 17 Tr.) at 36:5-10; 53:2-9 And when Plaintiffs saw AFC's forceful opposition to their motion for a preliminary injunction, they withdrew their request for injunctive relief entirely. Pltfs' Letter to Court, *Advanced Flower Capital, Inc. v. Bloc Dispensary LLC*, No. MER-C-000037-26 (N.J. Super. Ct. Ch. Div. Aug. 13, 2026).

There is no reason for discovery to resume in this case, and Plaintiffs are not prejudiced by a continuation of the stay. Counts I, II and III of the Amended Complaint seek only declaratory and injunctive relief and largely assert that actions taken by Defendants on the basis of pre-maturity defaults are improper and should be stopped. ECF 77 at 70-71. To that extent the claims are moot, because the loan has matured and AFC is no longer taking any actions based on pre-maturity defaults but only on the basis that the loan has come due and Plaintiffs have not paid. Further, as explained above, to the extent Plaintiffs intend to seek damages based on pre-maturity conduct or to litigate post-maturity conduct via Counts I through III (though they are not currently pled that way), Plaintiffs are already doing that in state courts in New Jersey and Florida. This Court, moreover, has no familiarity with the post-maturity issues those other courts are addressing, and there is no reason for this Court to try to catch up to those courts.

To the extent Plaintiffs seek discovery on the claim they propose to add through their pending motion for leave to amend (ECF 148), the request should be denied. That proposed claim seeks a declaration about the validity of AFC's liens on certain deposit accounts, and it is substantially identical to claims Plaintiffs are already litigating in the New Jersey state court action. Indeed, the two pleadings rest on the same alleged cash sweeps and the same theory that AFC holds no valid interest in the accounts, and in places are identical word for word. Ex. 1 (chart). Discovery on those claims is already underway in Mercer County, where the court has set a discovery schedule and Plaintiffs have served document requests. Ex. 5 (Sept. 15 Tr.) at 54:24-55:8. The reason Plaintiffs want a second copy of the case here is plain: the Mercer County court declined their baseless request for temporary restraints, after which Plaintiffs withdrew their motion for a preliminary injunction. *See generally* Exs. 2, 3, 4. Two weeks later, after this case had sat dormant for half a year, Plaintiffs asked this Court for a conference to restart discovery and amend their pleading to assert the same failed claims as in state court. ECF 140. On September 23, the Mercer County court again expressed doubt about Plaintiffs' theories and admonished Plaintiffs' counsel, explaining that it was having "a lot of problems with the shifting of positions" on the theories that underlie proposed Count IV. Ex. 6 (Sept. 23 Tr.) at

---

less obtain, Plaintiffs' consent to a stay; rather, Plaintiffs offered to agree to a stay so they would not have to face the motion to dismiss, and AFC declined that offer.

24:21-25:4. Yet, two days later, Plaintiffs moved to add that same claim here. ECF 148. That is blatant forum shopping.

* * *

The bottom line is that Plaintiffs are improperly using this Court as a back-up plan. They let this case sit idle for six months while they pressed their claims in other courts, and now that they are facing headwinds in those other courts, they want to return to this one. The case should remain stayed until the Third Circuit rules and the post-maturity proceedings actively pending in other courts have progressed, at which point the Court can assess what, if anything, remains to be adjudicated here.

Respectfully submitted,

*Michael R. Yellin*

*/s/ Michael R. Yellin*

Member

MRY:sc