100 YEARS COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Michael R. Yellin
Member
Admitted in NJ, NY, and FL

Reply to New Jersey Office
Writer's Direct Line: 201.525.6258
Writer's E-Mail: MYellin@coleschotz.com

October 13, 2026

**Via ECF**
The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S.
Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re: *Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et al.*, Case No. 3:25-cv-02789-ZNQ-JBD — Letter Motion Regarding Disposition of the $1 Million Security

Dear Judge Quraishi:

We write on behalf of Defendants Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC") in response to the Court's September 22, 2026 Text Order (ECF No. 147) regarding the $1 million security that Plaintiffs Hayden Gateway LLC, Bloc Dispensary LLC, and JG Holdco LLC (collectively, "Plaintiffs") posted with the Clerk of Court to support the preliminary injunction (the "Security Funds"). The Order directs the parties to advise the Court "whether they want these funds . . . (1) to be transferred into the interest-bearing Court Registry Investment System (CRIS); OR (2) to remain in the non-interest-bearing Court Registry." AFC respectfully requests that the Court do neither of those things and, instead, dissolve the security and return the Security Funds to the Hayden Gateway LLC operating account from which they came.[1]

The sole purpose of security posted upon the grant of a preliminary injunction is to provide a means for the enjoined party to recover for losses it may suffer on account of the injunction in the event it is determined to have been improperly granted. *See Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 391 (3d Cir. 2021) ("It is [] the only recourse for a wrongfully enjoined party"); *Hoxworth v.*

[1] Should the Court prefer, AFC is prepared to address these issues by formal motion; AFC submits this letter application because the parties previously litigated the disposition of this security by letter to the Court (ECF Nos. 53, 58) and the Court resolved it by text order (ECF No. 60).

*Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 210 n.31 (3d Cir. 1990) (noting that "defendants injured by wrongfully issued preliminary injunctions can recover only against the bond itself").

AFC no longer needs nor wants the Security Funds posted in this case to remain with the Court for that purpose. As the Court may recall, the Security Funds were posted from Plaintiff Hayden Gateway's operating account, after Plaintiffs were unable to obtain a commercial bond given the nature of their cannabis business. *See* ECF Nos. 53, 58. 59 and 60. Hayden Gateway's operating account is among the collateral securing AFC's loan to Plaintiffs. AFC controls that account, per the loan documents, and once the loan matured without payment on May 1, 2026 AFC became entitled to the proceeds in the account. *See* N.Y. U.C.C. § 9-607(a)(4) (secured party holding a deposit account perfected by control may "apply the balance of the deposit account to the obligation secured by the deposit account"). AFC, therefore, requests that the Security Funds be returned to the Hayden Gateway operating account from which they came, so that AFC can apply them as it sees fit.

Days prior to sending this letter, AFC informed Plaintiff that it intended to ask the Court to release the Security Funds and asked Plaintiffs to confirm they agreed the funds should be released. Plaintiffs neglected to respond but this morning filed a letter with the Court in which they take the position that the Security Funds should be transferred into the interest-bearing CRIS Liquidity Fund. ECF No. 154 at 1. Five minutes after filing their letter, Plaintiffs' counsel sent the undersigned an email stating that Plaintiffs do not agree the Security Funds should be released. Neither Plaintiffs' letter nor counsel's email provides an explanation of why Plaintiffs want the Court to retain the Security Funds when AFC, for whose security the funds were deposited with the Court, no longer wants that security. The reason, however, is obvious: Plaintiffs want to use the Court to shield those funds from AFC. Injunction bonds, however, are not a mechanism to shield assets from creditors, and Plaintiffs' attempt to use Court for that purpose is improper.

AFC respectfully requests that the Court dissolve the security and return the Security Funds to the Hayden Gateway LLC operating account from which they came.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Michael R. Yellin*

Michael R. Yellin

MRY:af
c: All counsel of Record (via ECF)